## COMMONWEALTH *vs.* JOHN BURKE.

Whether a party shall cross-examine a witness upon a paper used by him to refresh his memory, before the witness has so used it, or whether he shall wait for that purpose till the general cross-examination, is within the discretion of the court.

One may be convicted under Gen. Sts. *c.* 87, § 7, of keeping and maintaining a building used for the illegal sale of intoxicating liquor, if, being a servant, he aids and assists in keeping it for that purpose; and it is not necessary that that purpose should be the main purpose for which the building is kept

COMPLAINT for keeping and maintaining a tenement used for the illegal sale and illegal keeping for sale of intoxicating liquors.

At the trial in the Superior Court, before *Aldrich*, J., a witness, called by the government, was allowed, for the purpose of refreshing his recollection as to certain dates, to refer to memoranda, which he said he made at the times of the dates and occurrences of which he was about to testify. The defendant claimed the right to examine him as to the character of the book containing the memoranda, and as to the mode and manner of noting the entries, before he should be allowed to make use of it. The court declined to allow the defendant, at this stage of the trial, to make such examination, but reserved to him full opportunity, on the cross-examination of the witness, to inspect the book and memoranda, and also to examine the witness in regard to the same.

A witness, called by the government, was permitted, against the defendant's objection, to testify that, in the absence of the defendant, he heard persons call for ale in the tenement mentioned in the complaint, without designating what kind of ale; and that something was delivered to the persons so calling, by the person behind the bar, and that the witness judged, by the smell, that the article so delivered was ale. In regard to this testimony, the court instructed the jury, that if, upon all the other evidence in the case, they should find that the defendant was the owner or proprietor of the tenement and of the business carried on therein, they might consider the evidence of this witness in making up their verdict; but if they should not find that the defendant was the owner or proprietor, the testimony of this

witness must be wholly disregarded by them. The government offered evidence of a seizure made in the tenement within the time named in the complaint, but in the absence of the defendant, for the purpose of showing what kinds of liquors were kept in the tenement. This evidence was also admitted against the defendant's objection.

Evidence was introduced by the government tending to show that the defendant was the proprietor of the tenement, and of the business carried on therein, and also that he was in the tenement from time to time during the time named in the complaint, engaged in the sale of ale and other liquors therein. The defendant asked the court to instruct the jury, that the government, to maintain the complaint, must prove positively that the defendant was the proprietor. But this instruction the court declined to give, and did instruct the jury that if, upon the evidence in the case, they should find the tenement was, during the time named in the complaint, kept and maintained for the illegal purposes therein set forth, and also find that the defendant aided and assisted in so keeping and maintaining said tenement for said purposes, he would be liable under the complaint, although he was not the proprietor, but only the servant and agent of the proprietor. The defendant also requested the court to instruct the jury, that the government must prove that the place was kept mainly for the purpose of selling intoxicating liquors. But this the court declined to do, and did instruct the jury, that if the government had proved to their satisfaction, beyond a reasonable doubt, that the place was used, during said time, for the illegal purposes set forth in the complaint, that would be sufficient, although it might be shown that that was not the main purpose for which it was used. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*M. Fischacher*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J. It was a matter wholly within the discretion of the judge whether the witness should be cross-examined as to the memorandum, before giving his testimony in chief upon the general facts of the case. The defendant's rights were fully pro-

tected, by having the opportunity, on the cross-examination, to inspect the memorandum, and to examine the witness in relation to it.

We see no ground of exception in the remaining rulings of the court. It was not necessary to prove that the place was kept mainly for the sale of intoxicating liquors, or that the defendant was the proprietor. *Commonwealth* v. *Dowling, ante,* 259. It is enough if the place was kept for the illegal purpose described, and the defendant aided and assisted in "so keeping and maintaining it." If the defendant was the proprietor, proof of sales was admissible against him. The jury were cautioned that sales made in his absence were not to be considered by them, unless they should find that the defendant was the proprietor.

*Exceptions overruled.*