# WASHINGTON COUNTY.

————◆————

## STATE *vs.* GEORGE W. HOXSIE AND ALBERT F. HOXSIE.

At the trial of one indicted for keeping a liquor nuisance, the presiding justice commits no error in refusing to allow a juror to be asked on his *voir dire* whether he has contributed money for the prosecution of persons generally who are charged with keeping such nuisances.

On such trial a request to charge the jury " that the sale of intoxicating liquor on divers occasions at a place or tenement is not conclusive evidence that the sale was illegal, unless the State prove that the defendant at the time of said sales had no license," was rightly refused. The guilt of the defendant is to be established, not conclusively, but beyond a reasonable doubt. A statute makes the keeping for sale evidence that the sale or keeping is illegal, and it is for the defendant to produce his license.

On such trial a request to charge the jury " that the notorious character of the defendant's premises, or the notoriously bad or intemperate character of persons visiting the same, or the keeping of the implements or appurtenances usually appertaining to grog-shops, tippling-shops, and places where intoxicating liquors are sold, is not *primâ facie* evidence that such premises are nuisances," was rightly refused, because ambiguous and misleading.

The credibility of witnesses is a question for the jury, and a " spotter" or informer is not, in contemplation of law, an accomplice.

Two persons may be convicted for maintaining the same nuisance if both take part in the maintenance, though one be merely an assistant of the other.

A place may be a liquor nuisance if liquor-selling is carried on as an incidental or subordinate purpose of the place, not as the main purpose.

*Query*, whether a single sale of liquor would suffice to make the place of sale a nuisance.

It is not error for a judge to refuse a request to charge which is inapplicable to the evidence, or to refuse to charge in the words requested, even if the requested instructions are proper.

EXCEPTIONS to the Court of Common Pleas.

*Providence, April* 4, 1885. DURFEE, C. J. This case comes up on exceptions from the Court of Common Pleas. It is an indictment for nuisance under Pub. Stat. R. I. cap. 80. The indictment was found and tried at the May Term, 1884.

The first exception is for the refusal of the court below to allow the defendants to ask one of the jurors called to sit in the trial, on his *voir dire*, " whether he had contributed money for the purpose of prosecuting persons charged with keeping liquor nuisances, and having them bound over to the Court of Common

Pleas for indictment at said May Term." The contention is that the juror was open to challenge if he had so contributed. It will be noticed that the question was not whether the juror had contributed money for the purpose of having the defendants prosecuted and bound over, — the record does not show in fact that the defendants had been bound over, — but whether the juror had contributed for the prosecution of persons generally who were charged with keeping nuisances. If the question had been allowed and had been answered affirmatively, the answer would show, not any personal hostility to the defendants, but only that the juror was an earnest temperance man, who had demonstrated his zeal in the cause by giving of his means to aid in the enforcement of the law against the illegal sale of intoxicating liquors. The fact that he had given money would not affect him with any pecuniary interest in the conviction of the defendants. We do not see, therefore, how he could be challenged off the jury, unless every strong temperance man is liable to be challenged off simply because he is a strong temperance man, anxious to have the law enforced. In *Commonwealth* v. *O'Neil*, 6 Gray, 343, it was held that members of an association for the prosecution of a certain class of offences, who had subscribed to the funds of the association, were not incompetent to sit as jurors on the trial of a prosecution of an offence of that class commenced by the agent of the association and carried on at its expense, inasmuch as it did not appear but that they had paid their subscription before the prosecution was commenced, though the court remarked that it might have been well if the presiding judge had in his discretion excused the jurors. The case is much stronger than the case made here. And to the same or like effect, see *State* v. *Wilson*, 8 Iowa, 407; *Musick* v. *The People*, 40 Ill. 268; *Boyle* v. *The People*, 4 Colo. 176; *Commonwealth* v. *Thrasher*, 11 Gray, 55; Thompson & Merriam on Juries, § 181. The first exception must be overruled.

The other exceptions are for refusals by the presiding judge to give certain instructions to the jury as requested by the defendants. We do not think the court is bound, even when the instructions requested are proper, to give them in the language of the requests; for the language, though perfectly correct, may be

such that a jury would not readily understand it. One of the instructions requested and refused was " that the sale of intoxicating liquor on divers occasions at a place or tenement is not conclusive evidence that the sale was illegal, unless the State prove that the defendants at the time of said sales had no license." The language implies that it was necessary for the State, for the purpose of convicting the defendants, to establish their guilt conclusively, and not simply beyond a reasonable doubt. We think, therefore, that the instruction .was rightly refused. The statute, Pub. Stat. R. I. cap. 80, § 3, provides that " evidence of the sale or keeping of intoxicating liquors for sale in any building, place, or tenement shall be evidence that the sale or keeping is illegal ; " and we see no reason why a jury might not be satisfied beyond a reasonable doubt, by the mere proof of the sale, that the sale was illegal, since it would be unnatural, not to say unreasonable, for the accused, if he had a license, not to produce it. And see *State* v. *Higgins*, 13 R. I. 330 ; *State* v. *Mellor*, 13 R. I. 666.

The bill of exceptions sets forth that at the trial testimony was introduced by the State going to show that, during the time covered by the indictment intemperate persons were in the habit of resorting to the shop complained of, and that the implements and appurtenances which are usual in a grog-shop, or tippling-shop were there. The defendants requested the presiding judge to charge the jury that " the notorious character of the defendants' premises, or the notoriously bad or intemperate character of persons visiting the same, or the keeping of the implements or appurtenances usually appertaining to grog - shops, tippling-shops, and places where intoxicating liquors are sold, is not *primâ facie* evidence that such places are nuisances." The judge refused, on the ground that the request was inapplicable, and did instruct the jury that they must be satisfied of the truth of the charge. The statute makes the matters mentioned in the request evidence of a nuisance, but not *primâ facie* evidence. The objection to the request is that it is ambiguous. The defendants may have meant simply that the jury was not necessarily obliged, in the absence of counter evidence, to find the defendants guilty on such evidence. The request so understood would

be proper enough, for unquestionably the jury ought to be satis-fied of the guilt of the defendants beyond a reasonable doubt before returning a verdict against them. The request, however, may have been intended to have, or, if given, might have been understood by the jury as having, another meaning, namely, that proof of the matters mentioned would not be sufficient to throw upon the defendants the burden of defending themselves or to warrant a conviction, even though the jury were satisfied by said matters beyond a reasonable doubt that the defendants were guilty as charged. The request so understood would be repug-nant to the statute, and therefore the judge rightly refused to give it, leaving it to the jury to say on all the testimony whether they were satisfied beyond a reasonable doubt of the guilt of the defendants.

The bill of exceptions shows that among the witnesses called by the government were witnesses who testified that they were employed at so much compensation a day in this and other cases, and that they made it their business to procure illegal sales of intoxicating liquors for the purpose of prosecuting the sellers. The defendants requested the judge to charge the jury in regard to these witnesses, " That the testimony of 'spotters' is to be received with great caution and distrust." But the judge refused, and instructed the jury " that they must weigh all testimony with caution, especially where they see any reason to doubt its truth or to discredit it." We do not see any error in this. The credibility of witnesses is a question for the jury. Counsel are always permitted to argue it to the jury as a matter peculiarly within their province. Without doubt it is proper for the court to direct the attention of the jury to anything in the conduct or character of witnesses which affects their credibility; and we think the court below, though it might doubtless have expressed itself more pointedly without fault, did all that it was necessary for it to do. A " spotter" is not, in contemplation of law, an accomplice.

One of the witnesses called by the government testified that, during the time covered by the indictment, there was a sign over the shop complained of bearing the words, " Geo. W. Hoxsie & Co.," and that George W. Hoxsie and Albert F. Hoxsie were

members of the firm of Geo. W. Hoxsie & Co. The only other evidence going to show that said Albert F. Hoxsie was one of the firm, or one of the proprietors of the shop, was to the effect that said Albert and one Charles Hoxsie were seen in and about the shop making sales, and acting as a clerk or proprietor would act. The shop was a country store, containing dry goods, groceries, etc. The defendants requested the court below to instruct the jury " that a witness has no right to testify who were the members of a firm, that being a question of law, and that the testimony of a witness to that effect, unsupported by any facts or explanation, is entitled to no weight." The court refused, on the ground that the instruction requested was inapplicable, and did instruct the jury to find whether one or both of the defendants kept and maintained the place, instructing them that it might have been kept or maintained by both, even if they were not copartners. We do not see any error here. If the defendants had wished to object to the testimony, they should have objected when the testimony was offered; for, if they had objected then, the State could have required the witness to give the ground of it; and, for anything that appears, the defendants themselves may have told him that they were carrying on the business as partners. The court, moreover, rested its refusal on the ground that the instruction requested was inapplicable; which we infer means that the government did not press for conviction on account of any copartnership, but asked for it only on the evidence that the two defendants were both actually and actively engaged in carrying on the business; and we think the instruction given was correct, namely, That both might be convicted if both took part in maintaining the nuisance, even though one simply assisted the other as agent or clerk. *Commonwealth* v. *Burke*, 114 Mass. 261; *Commonwealth* v. *Gannett*, 1 Allen, 7; *Commonwealth* v. *Dowling*, 114 Mass. 259.

The defendants also requested the court to instruct the jury that proof that they or either of them kept intoxicating liquor for illegal sale, during the time and at the place named, was not conclusive evidence that they or either of them kept a nuisance; that the jury might, notwithstanding, acquit them, if the jury were satisfied that the sale of liquors was not one of the main

purposes of the place, but that the sales were isolated instances. The court refused so to charge, but did charge the jury that they must find that the defendants kept and maintained a place as described in the indictment. We do not think it was necessary for a conviction that the jury should be satisfied that the sale of liquors was one of the *main* purposes of the place complained of; on the contrary, we think it was enough if liquor selling was one of the purposes, though it may have been only an incidental or subordinate purpose, and manifested by only a few instances of sale. *Commonwealth* v. *Higgins*, 16 Gray, 19; *Commonwealth* v. *Gallagher*, 1 Allen, 592; *Commonwealth* v. *Cogan*, 107 Mass. 212. Whether a single sale would suffice, if no other was or ever had been intended, is a more debatable question, which we leave for decision when it shall be duly raised. Our conclusion is that the exceptions must be overruled and the case remitted for sentence.              *Exceptions overruled.*

*Benjamin M. Bosworth*, Assistant Attorney General, for plaintiff.

*Crafts & Tillinghast*, for defendants.