## CLYDE PRINGLE v. STATE.

No. A-4850.   Opinion Filed June 25, 1925.

Rehearing Denied Oct. 30, 1925.
(239 Pac. 932.)

Walter Mathews, for plaintiff in error.

George F. Short, Atty. Gen., and Charles Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Clyde Pringle, was tried and convicted upon an information charging the buying and receiving of stolen property knowing the same to have been stolen. The jury failed to agree upon the penalty, and the court sentenced the defendant to imprisonment in the penitentiary at McAlester for a term of one year, and that he pay a fine of $250, and the costs. From the judgment, he appeals.

It is urged strenuously that the evidence is insufficient to sustain the verdict of guilty returned by the jury, and for that reason the judgment rendered thereon should be reversed.

The evidence shows a shipment of Goodyear automobile casings with tubes from St. Louis to Oklahoma City, in a certain car on the M. K. & T. Railway, and that 12 bundles of 6 each were stolen from the car; that Frank Thionnet and Charley Johnson, who lived near Cushing, were arrested and charged with burglarizing the car; that both pleaded guilty, and were sentenced to serve terms in the penitentiary; that Johnson escaped from the custody of the law before this case was tried; that four of these casings were found in a house occupied by the defendant near Cushing; that the defendant told the officers that he bought the

casings from a fellow that lived on the hill; that he did not know his name, but would know him if he saw him; afterwards he said that he bought them from a tanky. The officers also found two Ford wheels equipped with casings in the defendant's house.

Frank Thionnet testified, as a witness for the state, that he and Charley Johnson threw the stolen property from an M. K. & T. car on a train between Yale and Cushing; that when the train reached Cushing, about 2 a. m., they got off and went to the defendant's place, and he gave them his automobile for the purpose of picking up the stolen property and hauling it to a hiding place, telling them that he wanted four of the casings; that they got the tires and hid them in a house near Cushing, and returned the car to the defendant's place, leaving four casings with tubes in the car; that he did not know how much money they were going to get for them; that they had an arrangement with the defendant about letting him have this character of stuff; that when they burglarized a Santa Fe car, they sold him four Ford wheels and the defendant said he thought he could use anything they could get.

At the close of the state's evidence there was a motion by the defendant for a directed verdict, in the form of a demurrer to the evidence, which was overruled.

On the part of the defense, Claude Pringle, a brother of the defendant, jointly charged, but who was acquitted, testified that they bought the casings and the Ford wheels found at the defendant's home from a man in front of the American Cafe in Cushing, for which he and his brother, the defendant, agreed to pay $48; that the party represented that he was selling automobile supplies for the American Tire and Accessory Company of Oklahoma City.

The defendant, Clyde Pringle testified that he signed the order in front of the American Cafe in Cushing; that

he did not know the man's name, but was satisfied that the man was Frank Thionnet; that he received a carbon copy of the order at the time, and paid him $20 in cash; that about a week afterwards he with his brother was arrested; that he told the officers that he bought them from a tall, slender fellow, who drove a Dodge car; that four or five days later the man delivered the same and he paid him the balance due. He produced what purported to be a carbon copy of the order. On cross-examination he stated that he had a house rented to Charley Johnson in the west part of Cushing at the time, but did not know Frank Thionnet was living there; that he did not tell the officers that he bought the stuff from a man who lived on the hill; that he told the officers he got the casings from a man who had been a tanky.

There was testimony tending to prove an alibi, and several witnesses testified that they were acquainted with the general reputation of the defendant in the community in which he lived as to being a law-abiding citizen, and that his reputation was good.

It is urged that the evidence of Frank Thionnet was insufficient for two reasons; that he was an accomplice and his evidence was uncorroborated. It is the well settled doctrine in this state that a person who steals property, and one who afterwards receives it from him knowing it to have been stolen, are guilty of separate offenses, and without more neither is an accomplice of the other. Mayes v. State, 11 Okla. Cr. 61, 142 P. 1049; White v. State, 23 Okla. Cr. 198, 214 P. 202.

The general test to determine whether a witness is or is not an accomplice is, could he himself have been indicted or informed against for the offense for which the defendant is being tried? If he could not, then he is not an accomplice. Mayes v. State, supra.

Under this rule there is no reasonable question as to

the sufficiency of the evidence to justify submission to the jury the question of the defendant's guilt, and there is no such want of preponderance of evidence against the finding of the jury that would warrant this court to set aside the verdict, or to hold that the learned judge of the court below, who heard the evidence and could judge of its credibility better than this court, erred in overruling the motion for a new trial.

Complaint is made that the court erred in admitting the evidence showing the receiving of other property from the same alleged thieves. In Davis v. State, 7 Okla. Cr. 322, 123 P. 560, we said:

"When the defendant's possession of property recently stolen, is attempted to be accounted for, it is competent to show the defendant's contemporaneous possession of other stolen property."

In State v. Rountree, 80 S. C. 387, 61 S. E. 1072, 22 L. R. A (N. S.) 833, it was held, that upon trial for receiving stolen goods, evidence is admissible that accused had previously purchased stolen property from the one from whom he is charged with having received the property in the case on trial. We think the testimony objected to was properly received for the purpose of showing guilty knowledge, and for this purpose it was clearly admissible.

The other assignments of error are based on exceptions to instructions given, and the refusal of the court to give requested instructions. We deem it sufficient to say that the instructions given fully stated the law of the case, and were as favorable to the defendant as the law authorized.

Upon the record before us we are satisfied that the defendant had a fair trial and was properly convicted. The judgment of the lower court is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.