## ALBERT BROWNELL v. STATE.

No. A-5338.   Opinion Filed March 13. 1926.
(244 Pac. 65.)

L. T. Cook, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of McClain county on a charge of receiving stolen property and sentenced to serve a term of 60 days in the county jail and to pay a fine of $200.

The record discloses: That just prior to the 1st of March, 1920, the defendant, who is an automobile mechanic, approached one Martin Gamble, also an automobile mechanic and employed by Slead Motor Company, and said to him in substance that if he would steal certain automobile parts and deliver to defendant that he would pay him part of their value, and that Gamble assented. That about the 1st of March, the defendant went to the rear of the Slead Motor Company's place where Gamble was, who delivered to him certain automobile parts of the value of about $33, and later defendant paid Gamble $12. One of the proprietors of Slead Motor Company on the next day discovered the loss and went to the place where defendant was at work, and found automobile parts of the same kind and description as those missing, a part of which defendant was at the time putting in an automobile. On being questioned about the matter, defendant told Slead he had gotten the parts at Oklahoma City. Later both defendant and Gamble were arrested, charged with the larceny of these parts. Gamble made bond, and soon thereafter defendant made bond, and the morning following his release from jail he went to the house of Gamble, told him to keep quiet and not say anything further about the stolen property. This is in the main the evidence of the state.

The defendant denied that he had had any conversation with Gamble in reference to stealing the property, denied that he had received it from Gamble, and testified that his father procured the property in Oklahoma City. His father and another witness testified in corroboration,

but their evidence was considerably shaken on cross-examination. They offered no book account nor other proof of the purchase of the automobile parts at Oklahoma City other than their bare statement.

The principal contention relied on for a reversal is that the witness Gamble is an accomplice and that there is no sufficient corroboration of his testimony.

Following the general rule of law, it has been several times held by this court that a thief who steals property is not an accomplice of the person who receives it from him, knowing it to have been stolen, but that the thief and the receiver of the stolen goods are independent criminals. Mayes v. State, 11 Okla. Cr. 61, 142 Pac. 1049; Pringle v. State, 32 Okla. Cr. 187, 239 P. 932. There is, however, an exception to the rule announced to the effect that where the thief and the receiver of the stolen property conspire together to steal property, with a prearranged plan for the one who actually commits the theft to deliver it to the other at an agreed time and place, and pursuant to such plan does steal the property and deliver it to the receiver, the receiver is an accomplice of the thief and the thief is an accomplice of the receiver in the commission of the offense of receiving stolen property. Motsenbocker v. State, 29 Okla. Cr. 305, 233 P. 487; Logan v. State, 23 Okla. Cr. 316, 214 P. 944.

If it be conceded that Gamble is an accomplice of the defendant, a conviction cannot be had on his uncorroborated testimony. Section 2701, Comp. St. 1921. But the corroboration required by the statute need not be such as standing alone to prove the crime charged, but must be only such evidence as tends to connect the defendant with the commission of the crime. There is, we think, sufficient corroboration to answer the requirement of the statute. On the day immediately fol-

lowing the loss of the property, the defendant is found in possession of property of the same kind and description as that lost, and while such property was standard and the loser unable to identify it, it is, nevertheless, a strong circumstance. Further the defendant admitted that upon being released from jail he immediately went to the witness here designated as an accomplice and requested him to keep quiet. The fact of this conversation and the defendant's explanation of it tends to connect him with the commission of the offense as testified to by Gamble.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.