## JIM LEIGH v. STATE.

No. A-5522.   Opinion Filed May 29, 1926.
(246 Pac. 667.)

Cress & Tebbe, for plaintiff in error.

Geo. F. Short, Atty Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Noble county on a charge of selling intoxicating liquor and sentenced to pay a fine of $200 and to serve a term of 90 days in the county jail. The conviction is based upon the evidence of the witness Glenn Eales, who testified that he purchased a bottle of whisky from defendant at his home and paid $2.50 for it, and that the purchase was made in the presence of a woman whom he took to be defendant's wife. The defendant did not take the stand. His wife was called as a witness, and testified that she had never seen witness Eales before the time of the trial. The defendant assigns and presents at considerable length various assignments of error, most of which are purely technical and do not affect defendant's substantial rights.

It is argued that the purchaser of liquor is an accomplice of the seller, and that there must be corroboration of his testimony. This contention is wholly untenable. An accomplice is one who may be informed against for the offense for which the defendant is being tried, one culpably implicated in the commission of the particular crime charged. Cudjoe v. State, 12 Okla. Cr. 246, 154 P. 500, L. R. A. 1916F, 1251; Hendrix v. State, 8 Okla. Cr. 530, 129 P. 78, 43 L. R. A. (N.S.) 546; Pringle v. State, 32 Okla. Cr. 187, 239 P. 032; Brownell v. State, 33 Okla. Cr. 323, 244 P. 65.

One who purchases intoxicating liquor from a bootlegger is not an accomplice of the seller. He is guilty of no offense under the statute, unless after purchasing the liquor he should transport it or should have possession of it with intent to violate the law. These are independent offenses from the sale. Even if it should be held that a purchaser of intoxicating liquor were an accomplice of the seller, a detective, spotter, paid informer, or purchaser who buys it at an unlawful sale for the purpose of detecting the unlawful traffic, and in a way induces the commission of a crime, is what is termed a feigned accomplice, to whom the rule as to corroboration as an accomplice does not apply. State v. Gibbs, 109 Minn. 247, 123 N. W. 810, 25 L. R. A. (N.S.) 449; State v. Hoxsie, 15 R. I. 1, 22 A. 1059, 2 Am. St. Rep. 838; Freeman v. State, 11 Tex. App. 92, 40 Am. Rep. 787; 1 R. C. L. p. 159, § 6, 15 R. C. L. p. 400, § 167.

Complaint is also made that the court erred in permitting the county attorney in the course of the trial to indorse his name as a witness on the information. During the trial the identification of the bottle of liquor offered in evidence was questioned, and, as its custody had been for a time with the county attorney, he asked and was granted leave to indorse his name as a witness. His evidence was merely formal. It is not permitted the state to withhold the names of witnesses known to the prosecution until the trial and thereby surprise a defendant, and permission to indorse names of additional witnesses in the course of the trial is within the discretion of the trial court. Unless, however, an abuse of discretion is shown, the action of the trial court will not be error. It would be an extremely technical application of the statutes for this court to hold that a witness whose testimony is material only for the purpose of identification of some exhibit or instrument should not be indorsed. There is nothing in this contention. Hawkins v. State, 6 Okla. Cr. 308, 118 P. 607; Steen v. State, 4 Okla.

Cr. 309, 111 P. 1097. It is also argued that there was no sufficient identification of the bottle of liquor introduced in evidence and no sufficient proof that its contents were intoxicating liquor. Neither contention has any merit.

Error is also assigned that the trial court unduly limited the right of cross-examination of the prosecuting witness Eales. It appears from the record that the prosecuting witness was employed at an agreed compensation of $200 to detect persons suspected of violating the liquor law. In such cases it is held by this court that the right of cross-examination should be fairly liberal that the interest, bias, or prejudice of the witness may be shown. Kearns v. State, 33 Okla. Cr. 179, 242 P. 777; Clark v. State, 31 Okla. Cr. 383, 239 P. 275.

Without setting out the various questions tending to show the interest of the witness, to which an objection was sustained, we think the right was too closely restricted. During the course of the trial and while impaneling the jury, the regular panel became exhausted, and the court thereupon instructed the bailiff to summon talesmen. Defendant objected to the bailiff acting in this capacity, and stated to the court he desired to challenge the officer for bias, and to examine him, which request was denied and objection overruled.

By the provisions of section 3518, Comp. Stat. 1921, a trial court, when a panel of jurors shall appear to be insufficient, may direct the sheriff or other suitable person to summon talesmen or additional jurors by open venire to complete the jury, and section 2665 provides a challenge to the panel of jurors so drawn on account of the bias of the officer who summoned them. See Wilson v. State, 17 Okla. Cr. 47, 183 P. 613; Lyde v. State, 21 Okla. Cr. 426, 209 P. 226; Liddell v. State, 18 Okla. Cr. 87, 193 P. 52, 16 A. L. R. 405.

It is essential to the fair and impartial administration of justice that talesmen or additional jurors called by an open venire be summoned by an officer who is not disqualified by reason of interest, bias, or prejudice, and when the sheriff or other person is directed to summon talesmen or jurors by open venire, upon proper objection a defendant should be permitted to show the interest, bias, or prejudice of the summoning officer. The reason for this is obvious. Jurors so called may qualify and yet by reason of predilection or affiliation be in fact biased and prejudiced. The ruling of the court was error. The defendant had exhausted his peremptory challenges when talesmen were called. One of the jurors so summoned by the bailiff became a member of the jury which tried defendant. Upon examination on voir dire he was asked concerning his membership in the Ku Klux Klan, and denied on oath that he was a member or had recently been. A supplemental motion for a new trial was filed setting out that this juror was a member of the Klan, and as such prejudiced against defendant, and offering to prove such fact. In support of this allegation upon a hearing of this motion, one G. Frank Sanders was subpoenaed to bring the roster of the Klan. The witness appeared and filed a special appearance setting out that the subpoena served on him was not entitled in any cause, and denying the right of the defendant to investigate the records of the Klan, for the reason that same would be a breach of trust on his part as an agent. The officer serving the subpoena on this witness had apparently omitted the style of the case in the copy served. Defendant then requested a short delay that a proper subpoena might be served on the witness. This request was denied, and, although the witness was sworn and on the witness stand, the court said:

"The witness, under the circumstances, is at liberty to do as he pleases. He is not here by any legal process of court, and he is here for a special purpose and therefore

is excused from being compelled to testify. * * * We will finish up this case now; offer your evidence if any you have."

The defendant had the right to be tried by an impartial jury drawn from the jury box of the county or by persons selected as talesmen on open venire by the sheriff or some suitable person who was not disqualified by reason of interest, bias, or prejudice. If a juror not selected by an unbiased person testified falsely on his voir dire, in order to qualify, defendant had a right to show this on his motion for a new trial. The secrecy of membership of the juror in some order is not paramount to the right of the defendant to have a fair trial. If the witness Sanders was to be excused from testifying on a mere technical objection to the form of the subpoena served upon him, certainly the defendant should have been given time to see that a proper subpoena was served. The defendant was deprived of a fair trial.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.