## ARTHUR SOWARDS v. STATE.

No. A-5906. Opinion Filed July 19, 1927.
(258 Pac. 284.)

Anglin & Stevenson and Forrest M. Darrough, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J. In this case the information charges that in Hughes county, June 27, 1925, "Arthur Sowards

did unlawfully sell intoxicating liquor, to wit, one quart of whisky, to T. L. Dilday." On the trial the jury found him guilty and fixed his punishment at a fine of $50 and imprisonment in the county jail for 30 days.

The errors assigned question the sufficiency of the evidence to sustain the verdict and judgment.

The evidence shows that appellant and the prosecuting witness, T. L. Dilday, were arrested some two or three miles southeast of Holdenville by Dan Narcomy, deputy sheriff, and he found a quart of whisky in the bosom of Dilday's shirt. Dilday testified that he met the defendant on the sidewalk at Holdenville and told him he was feeling badly, and the defendant told him he could get him a little something to drink; that he got into the defendant's car and the defendant drove southeast of town, some two or three miles, stopped his car, got out and went up a hill and brought back a quart of whisky in a half gallon fruit jar and he stuck it in the bosom of his shirt and promised to pay the defendant $2 therefor; about that time the officer came up and arrested them.

On cross-examination he stated that his case was pending in the county court; that he had never hired any counsel to represent him, though the case was set for trial; and that he could not recollect what the county attorney said that he was going to do about his case.

It seems that upon the conviction of this defendant, the case against the witness Dilday was dismissed.

As a witness in his own behalf the defendant testified that he was 48 years old; lived southwest of Holdenville, in Seminole county; had known T. L. Dilday seven or eight years; met up with him that day in Holdenville; that Dilday told him that he knew where some stuff was on the side of the road, and asked him to drive him out in his car; that when they got out there Dilday got out of

the car and found the whisky which he had told him about and put it in the bosom of his shirt; that as he was trying to get the car started the officer came up and found the whisky on Dilday's person and they were both arrested; that he had never offered to sell any whisky to Dilday, and had never sold him any whisky; that he had never before been out that way from Holdenville; that he had never before been arrested.

While the cases are rare in which this court will interfere to disturb the judgment of the trial court, we think that in this case the testimony of the witness Dilday was in the nature of accomplice testimony, and for this reason we think the motion for a directed verdict should be sustained.

The judgment of the lower court is therefore reversed.

EDWARDS and DAVENPORT, JJ., concur.