## D. E. BROWN v. STATE.

No. A-5867.   Opinion Filed Aug. 20, 1927.
(259 Pac. 154.)

M. Bristow, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.   D. E. Brown was convicted on an information charging that in Caddo county, February 7, 1925, he did unlawfully convey and transport one quart of whisky "from a point on the bank of the Washita river, about three-fourths of a mile southwest of Ft. Cobb, to the automobile of J. B. Rogers, a distance of about 200 feet" and in accordance with the verdict of the jury he was sentenced to pay a fine of $100 and to confinement in the county jail for 60 days.   To reverse the judgment he appeals, and he assigns as error that the verdict is not

sustained by the evidence, and that the court erred in excluding competent and legal evidence on the part of appellant.

Jodie Rogers testified that he stopped at Wray's store in Ft. Cobb and had a conversation there, then he went down to the river in his car something like three-quarters of a mile and found Mr. Brown there in a car and told him that some parties said that he could get whisky there, and Mr. Brown said, "Well, will a quart do?" and witness said a quart would be plenty, and the defendant got out of his car and went about 75 feet and picked up a jar of whisky and witness said, "Bring it over here to my car," and he said, "All right, I will take it over there;" that he brought the whisky up to the car, and then threw it against the running board and it bounced to the ground; that he arrested the defendant, put handcuffs on him, and started to Anadarko and stopped at Wray's place, and there gave the whisky to Miss Mary Van Eaton and she kept it; that the defendant complained that the handcuffs were pinching his wrists and asked witness to loosen them.

On cross-examination, he stated, that he had no commission as a deputy sheriff at that time; that when his commission expired Sheriff Nixon told him, "I will keep you until you get a federal commission;" that he did not have a written commission, but was deputized.

The defendant moved for a directed verdict in the form of a demurrer to the evidence, which was overruled and exception allowed.

As a witness in his own behalf, D. E. Brown testified that he went to the river to get wood and bought the whisky and took a drink of it and placed it by a tree; that Jodie Rogers drove up and said, "What about buying some whisky?" and he said, "I guess you are mistaken in the man; I am not a whisky peddler." Rogers

said: "A fellow up town told me I could get it down here." He said: "The fellow was mistaken; there were some boys here that left this morning." Rogers said: "Did you get some?" He said "Yes." Rogers says: "I am a good old farmer up here, and if I cannot buy some whisky, just give me a drink;" and he said: "Some whisky is lying under that tree; I am not selling it, but you are welcome to a drink if you want it." That Rogers picked up the whisky, tasted it, and walked back and turned his gun on him, then put a pair of handcuffs on him.

Miss Mary Van Eaton testified that she remembered Jodie Rogers and Mr. Brown coming into Wray's place, and Mr. Rogers brought a jar to her and asked her to watch it. Mr. Brown said, "That was the hardest jar to break I ever saw in my life;" that he threw it as hard as he could against the running board of the car and it bounced right off.

The defendant, recalled, testified:

"I might have said something, that I should have broken it; I don't remember of having said anything."

He was then asked:

"Explain to the jury the best you can any conversation you had there at that time.

"The Court: Objection sustained; exception allowed.

"Q. Did you try to break that bottle down there?

"Objection sustained; exception allowed.

"Q. Explain to the jury the best you can, any conversation you had there at that time.

"Objection sustained; exception allowed.

"Here the defendant offers to prove by this witness that in this conversation he may have said something about breaking the bottle, or was foolish in not breaking the bottle.

"Objection sustained.

"Q. If you had such a conversation at that time did it refer to the breaking of this bottle at all?

"Objection sustained; exception allowed."

A brief reference to a few facts of the case is all that is necessary to show the materiality of the evidence offered on the part of the defendant and rejected by the court. The prosecuting witness testified that he asked the defendant to bring the bottle to his car. Thus it appears he was an accomplice, and, under the statute (section 2701, C. S. 1921), unless corroborated by other evidence tending to connect the defendant with the commission of the offense, a verdict of guilty would be contrary to law and the evidence. Without any foundation for impeachment being laid, the witness Miss Van Eaton testified to a statement made by the defendant, as tending to corroborate the testimony of the prosecuting witness. It follows that he had the right to explain what was said and questions asked were proper.

Where material evidence has been offered on the part of the defendant and erroneously rejected by the court, we are not at liberty to say that the error is merely technical or that the substantial rights of the defendant have not been prejudiced.

Upon the record before us, we are satisfied that the defendant did not have such a fair and impartial trial as he was entitled to under the law.

The judgment of conviction is therefore reversed.

EDWARDS and DAVENPORT, JJ., concur.