# GUS KEY v. STATE.

No. A-5642.   Opinion Filed Oct. 1, 1927.
(259 Pac. 659.)

Sigler & Jackson and Lydick & McPherren, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Carter county on a charge of receiving stolen property,

and was sentenced to serve a term of five years in the state penitentiary.

The information charges, in substance, that defendant received from "Candy" Renfro and Raymond Garrett, for a consideration of $200, an automobile which had previously been stolen from F. K. Hamilton, defendant at the time knowing the same to have been stolen. Renfro was the principal witness for the state. He testified, in substance, that he had an arrangement with defendant to steal him an automobile; that he went to Dallas, Tex., and there stole a Ford coupe and drove it to defendant's garage in Ardmore, and the next day, with Raymond Garrett, he went to defendant's house, changed the numbers on the car and made some changes in the equipment; that he sold the car to defendant for $200, though it was of a reasonable market value of about $550. Thereafter he several times saw defendant and his wife driving the coupe, which had been repainted by Abbott Brady. A deputy sheriff testified that one F. K. Hamilton identified the car, and that it was turned over to him and removed from the county; that the motor numbers had been changed. Abbott Brady testified that he had repainted three Ford cars for Garrett and Renfro, but did not testify that the car in question was one of them. An automobile mechanic testified that he examined the car and was not able to swear that the motor numbers had been changed. Another witness testified he had seen the car; that it looked like it had been repainted. Still another witness testified that he saw Garrett and Renfro working on a Ford coupe, fixing to change a tire at defendant's garage about the time testified to by Renfro. The assistant county attorney testified that the car in question was turned over to Hamilton, who resided at Tulsa.

The evidence for the defendant sharply contradicted the testimony for the state. Defendant testified

that he bought the car from one Grover Williams on April 4, and produced a bill of sale of that date. There was some other evidence not necessary to recite which tends to support his testimony.

Various assignments of error are argued in the brief, among which it is contended that the court erred in refusing to quash the information; in refusing an instructed verdict at the close of the state's evidence; in commenting upon the evidence in the hearing of the jury; in certain of the instructions; in refusing requested instructions; in excluding evidence offered by the defendant; in improper argument by the county attorney; and, lastly, that there is no sufficient corroboration of the testimony of the accomplice Renfro.

We have examined the record with care, and have considered the briefs upon the various assignments of error. Most of the contentions are without merit, and a discussion of them would not be profitable. However, in the closing argument, the county attorney went entirely outside the record and commented on matters not before the jury. But this, standing alone, is not sufficiently serious to require a reversal. The final assignment of error that the evidence is insufficient and the testimony of the accomplice Renfro not sufficiently corroborated, presents a serious question. It is generally held that the person who steals property is not an accomplice of the one who receives the property knowing it to be stolen, that the larceny and the receiving are independent crimes. Mayes v. State, 11 Okla. Cr. 61, 142 P. 1049; Pringle v. State, 32 Okla. Cr. 187, 239 P. 932.

The exception to this general rule is that, where the thief and the receiver of stolen property conspire together in a prearranged plan for one to steal and deliver the property to the other, and pursuant to such plan one does steal and deliver to the other, the receiver is an accomplice of the thief, and the thief is an accomplice

of the receiver. Logan v. State, 23 Okla. Cr. 316, 214 P. 944; Motsenbocker v. State, 29 Okla. Cr. 305, 233 P. 487; Brownell v. State, 33 Okla. Cr. 323, 244 P. 65.

The conviction here rests, of course, on the testimony of Renfro. If his testimony is to be believed, he is an accomplice of defendant, and, under the provisions of section 2701, Comp. Stat. 1921, must be corroborated by other evidence which tends to connect defendant with the commission of the offense. If this has not been done, the conviction cannot be upheld. It is not required that the testimony of an accomplice be corroborated in every essential necessary to be proven to establish defendant's guilt, and, where the jury has convicted a defendant upon the testimony of an accomplice, where there is independent evidence tending to connect the defendant with the commission of the offense, this court will take the strongest view of the corroboration that the evidence will warrant. But there must be some corroboration which tends to connect the defendant with the commission of the offense. There is no testimony other than that of Renfro that the car in question was in fact stolen. Renfro testified that he stole the car at Dallas. There is a hearsay statement of one Hamilton, who purports to reside at Tulsa, that the car was stolen from him there. He, however, was not called as a witness, and it appears that a subpoena sent by the state to be served upon him at Tulsa has been returned showing no such street number as given by him nor such person there. The statements of Hamilton, whatever they may have amounted to, are not proof of anything. There is no corroboration of the testimony of Renfro of any previous agreement with defendant; no corroboration that he delivered the car to defendant. There is a slight corroboration by Carl Holden, a deputy sheriff, that, when the car was taken from defendant, the motor numbers had been changed, although an automobile mechanic who applied tests to ascertain if the numbers had been changed testified that

he was unable to say that they had in fact been changed. We do not find any sufficient corroboration tending to connect defendant with the crime charged.

It follows that the case must be reversed and remanded.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.