STATE, RESPONDENT, *v.* KEITHLEY, APPELLANT.

(No. 6,329.)

(Submitted October 4, 1928. Decided October 17, 1928.)

[271 Pac. 452.]

*Mr. Frank M. Catlin* and *Mr. R. W. Morford,* for Appellant, submitted a brief; *Mr. Catlin* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. Hugh N. Marron,* County Attorney, and *Mr. Arlie M. Foor,* Deputy County Attorney, for the State, submitted a brief; *Mr. Marron* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

In this case the appellant, Robert Keithley, was, by information, jointly charged with one William McClammy with the crime of knowingly receiving stolen property. Having interposed pleas of not guilty, they were tried jointly to a jury. The defendant Keithley having been by verdict of the jury found guilty, the court fixed his punishment at from one to two years' hard labor in the state prison at Deer Lodge. Judgment was entered accordingly. He made motion for a new trial, which was denied, and the case is now before this court on his appeal from the judgment and an order denying him a new trial.

Appellant's several assignments of error present but one question necessary to be considered and determined in disposition of the appeal, viz., the sufficiency of the evidence to sustain the verdict and judgment.

The statute defining the crime with which the appellant was charged and convicted reads as follows: "Every person who for his own gain or to prevent the owner from again possessing his own property buys or receives any personal prop-

erty, knowing the same to have been stolen, is punishable by imprisonment in the state prison not exceeding five years or in a county jail not exceeding six months.'' (Rev. Codes 1921, sec. 11388.)

From the testimony it appears that one George Burshia, an Indian ward of the government, nineteen years of age, was guilty of the theft of a certain red cow belonging to the Frye Cattle Company, committed about May 17, 1926, and as to which he had, upon a charge of grand larceny, pleaded guilty and been committed to the state prison for a term of not less than one nor more than two years' imprisonment. In the present action the prosecution bases its case upon the larceny of such animal by Burshia, and its subsequent sale by him to the defendant Keithley. At the time of the trial of the action, Burshia was a prisoner in the state prison under commitment for his admitted crime, and his testimony is by the state relied upon to uphold the appellant's conviction. If corroboration of Burshia's testimony is required to sustain the conviction under the accomplice rule of evidence, it stands alone, without any sufficient corroboration, and therefore the judgment cannot be upheld. However, it is the contention of the prosecution that, since the appellant was charged and convicted of the separate and independent offense of knowingly receiving stolen property, Burshia, who committed the principal offense of larceny, cannot be considered as an accomplice of the appellant, and accordingly, that the conviction may legally be sustained upon Burshia's uncorroborated testimony. We have made careful review of all of the evidence, and particularly of Burshia's testimony, and therefrom are convinced that, if the appellant is guilty of any offense at all, it is the principal offense of the larceny of the cow, and the question arises as to whether the uncorroborated testimony of an accomplice in the larceny will sustain a conviction for the separate and independent crime of knowingly receiving stolen property.

"All persons who, after full knowledge that a felony has been committed, conceal it from the magistrate, or harbor or protect the person charged with or convicted thereof, are accessories." (Sec. 10733, Rev. Codes 1921.) The accessories mentioned in the statute are accessories after the fact (*State* v. *De Wolfe,* 29 Mont. 415, 74 Pac. 1084; *State* v. *Slothower,* 56 Mont. 230, 182 Pac. 270); accessories before the fact being treated as principals (*State* v. *De Wolfe,* supra), and "all persons concerned in the commission of a crime, \* \* \* whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, \* \* \* are principals in any crime so committed" (sec. 10732, Rev. Codes 1921).

By the statute it is further provided that "a conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof." (Sec. 11988, Rev. Codes 1921.) "An 'accomplice' is one who knowingly, voluntarily, and with common intent with the principal offender unites in the commission of a crime." (1 Words and Phrases, First Series, 75.) "One may become an accomplice by being present and joining in the criminal act, by aiding and abetting another in its commission, or, not being present, by advising and encouraging its commission; but knowledge and voluntary action are essential in order to impute guilt." (*State ex rel. Webb* v. *District Court,* 37 Mont. 191, 15 Ann. Cas. 743, 95 Pac. 593.) He is one who is guilty of complicity in the crime charged, either by being present and aiding or abetting in it, or by having advised and encouraged it, though not present when it is committed. (*State* v. *Spotted Hawk,* 22 Mont. 33, 55 Pac. 1026.) To constitute a witness for the state an accomplice, he must have

entertained a criminal intent common with that which moved the defendant to commit the crime with which he stands charged, or, not having been present at its commission, must have advised and encouraged it. (*State* v. *Slothower*, supra.)

In the light of the statutory provisions above set forth, it is clear from Burshia's testimony that the appellant was an accessory before as well as after the fact—a principal—and therefore the accomplice rule applies. His conviction cannot stand upon the uncorroborated evidence of Burshia.

The general test to determine whether a witness is or is not an accomplice is: Could he himself have been informed against for the offense, either as principal or accessory? If he could, then he is an accomplice. (*State* v. *Lawlor*, 28 Minn. 224, 9 N. W. 702; *Mayes* v. *State*, 11 Okl. Cr. 61, 142 Pac. 1049; *Motsenbocker* v. *State*, 29 Okl. Cr. 305, 233 Pac. 487; *Pringle* v. *State* (Okl. Cr. App.), 239 Pac. 932.) And the rule generally recognized is that one who is guilty of larceny cannot be adjudged guilty of receiving the property stolen. (1 Whart. Crim. Law (11th ed.), sec. 1232; 2 Bishop, New Crim. Law, sec. 1140; *Adams* v. *State*, 60 Fla. 1, 53 South. 451, and note to report of case in Ann. Cas. 1912B, 1209.)

If Burshia's testimony is to be believed, then the appellant ▇ is himself equally guilty of the principal offense of larceny. Larceny and knowingly receiving stolen property are separate and distinct crimes under our statute (secs. 11368 and 11388, Rev. Codes 1921), and therefore one who steals property is not an accomplice of one who receives the property knowing it to be stolen (11 C. J., p. 683; 17 R. C. L., p. 86; *Mayes* v. *State*, supra); but where, as here, the thief and the receiver of the stolen property conspire together, in advance of the larceny, for one to steal and the other to receive, they are principals, and the thief is an accomplice of the receiver, and vice versa. (*Logan* v. *State*, 23 Okl. Cr. 316, 214 Pac. 944; *Brownell* v. *State* (Okl. Cr. App.), 244 Pac. 65; *Key* v. *State* (Okl. Cr. App.), 259 Pac. 659.) The rule is

different where the defendant is merely an accessory after the fact than where he is such both before and after. The correct underlying principles were heretofore given recognition by this court in the case of *State* v. *Bonning*, 60 Mont. 362, 25 A. L. R. 879, 199 Pac. 274.

However, it is worthy of note that many respectable authorities hold that a prosecution for receiving stolen property may be maintained against one who aided and abetted in commission of the larceny, and who afterward received the property from the person who actually committed the theft, for the reason that the receiving of the property is subsequent to the larceny in fact and not a part of it (*Smith* v. *State*, 59 Ohio St. 350, 52 N. E. 826; *Jenkins* v. *State*, 62 Wis. 49, 21 N. W. 232); and on such theory it is held that the thief is not an accomplice with him who receives the property, and that therefore a conviction may be sustained for knowingly receiving stolen goods upon the testimony of the thief alone. (See note to case of *Leon* v. *State* (Ariz.), 9 A. L. R. 1397, and note to the case of *People* v. *Kupperschmidt* (N. Y.), 32 A. L. R. 449.) The author of the treatise on Criminal Law in 16 Corpus Juris, page 682, referring to the conflict in the authorities on the question of the thief of personal property being an accomplice of one who knowingly receives the same, says that such conflict is partly due "to the difference of opinion as to whether a receiver of stolen goods is an accessory after the fact to the larceny, and partly to the differing views held as to whether an accessory after the fact is an accomplice of the thief within the principles relating to accomplice testimony." Our statute (sec. 10733, supra), and decisions leave no doubt upon the subject (*State* v. *De Wolfe*, supra; *State* v. *Slothower*, supra).

If Burshia's testimony is true, there is no doubt of the ▇ appellant's participation in the larceny of the cow as a principal actor. He was the instigator, the primary cause, having projected it and induced Burshia to act. It was

184

through Burshia's agency that appellant came into actual possession of the animal. They were principals; therefore equally guilty of the major crime. It constituted an unlawful taking by both, and not the independent receipt of the property by one from the other after the separate crime of larceny had been committed. It is also noteworthy that the *corpus delicti*—the fact that the larceny had been committed—was not sufficiently established by testimony independent of that of the accomplice, Burshia.

Mere suspicion or probabilities, however strong, are insufficient to convict for crime. There must be some substantial testimony, aside from the uncorroborated evidence of an accomplice, to justify a judgment of conviction. (*State* v. *McCarthy*, 36 Mont. 226, 92 Pac. 521.) Under the statute, the testimony of the accomplice not being sufficiently corroborated by other independent evidence, the conviction cannot be upheld, and it becomes our duty, as a matter of law, to vacate and set aside the judgment.

*Reversed and remanded.*

JUSTICES STARK and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE MYERS not sitting.