## STATE v. B. W. WEINDEL et al.

No. A-8209. Opinion Filed Aug. 21, 1931.
(2 Pac. [2d] 599.)

J. Berry King, Atty. Gen., W. C. Lewis, Asst. Atty. Gen., and J. A. Tillotson, Co. Atty., for the State.

John F. Pendleton, for defendants in error.

EDWARDS, J. This is an appeal by the state. Defendants were charged in the county court of Nowata county with the unlawful taking of fish. A demurrer to the information was by the court sustained. The state appeals.

The prosecution is based upon section 1, art. 5, c. 24, Session Laws of 1931, which section is an amendment and substitution for section 23, c. 35, Session Laws 1927, and reads:

"Sec. 1. That section 23, of chapter 35, of the Session Laws of 1927, be and the same is hereby amended to read as follows:

" 'Section 23. It shall be unlawful for any person or persons to take, catch or kill any game fish as defined

in section 15, of said chapter 35, from any of the streams, creeks, lakes, ponds or waters of this state other than privately owned ponds or lakes by any means, except with hook and line attached to a pole or rod, throw line or trot line; said trot line shall not contain more than 100 hooks, providing that it shall be unlawful to fish with devices known as artificial devices containing more than 15 hooks, provided, however, that all fish not defined by section 15 as game fish may be taken from the waters of this state by means of nets or seines of any kind, the meshes of same, however, not to be smaller than 2½ inches; provided, no seining or netting shall be done during the months of April and May, and provided further, that no netting or seining shall be done unless there shall be present some game ranger, deputy game ranger, state, county, or municipal or township peace officer, and providing further, that such fish may be taken by the use of gigs or spears; said gigs or spears to have but one point with not more than two barbs."

The information charges defendants

"* * * did then and there * * * unlawfully catch and take fish with their hands from Big Creek, in Nowata county, Oklahoma, with the unlawful intent * * *to violate the provisions of Senate Bill No. 6, amending section 23, chap. 35, Session Laws 1927. * * *"

It is stipulated the fish so taken were "mud-cat" and not game fish as the same are defined by section 15, c. 35, Session Laws 1927. The only question before the court is, Does the information charge an offense under the statute above quoted? The inhibition in this section applies to "game fish as defined in section 15." It does not forbid the taking of fish other than game fish, except that in the first proviso of the section it is made unlawful to fish with certain devices, and to this proviso is the further proviso that all fish other than game fish may be taken by nets and seines, etc., if there shall be a game ranger or other

officer present, and further that such fish may be taken by gigs or spears.

The catching of fish other than game fish with the hands is colloquially called "noodling." This term is applied in the rural sections of the southwest and probably in other sections to the practice of feeling out and catching with the hands fish in holes or recesses, under rocks or the banks of streams. The word, as thus used, does not appear to be recognized in any dictionary. Its origin, so far as we are aware, is unknown. We must leave its source and derivation to the etymologist. It is likely a fisherman's word such as "sniggling" or "tickling," which has not yet been accepted.

It is a well-settled principle of statutory construction that criminal statutes are not to be extended by construction to cases not fairly and clearly embraced in their terms; that is, the operation and scope of criminal laws shall not be construed to enlarge them by implication, but they shall be liberally construed. Where there is any well-founded doubt as to any act being a public offense, particularly where such act is not malum in se, the act must be clearly within the terms of the statute, or it must be excluded from its operation.

To catch nongame fish with the hands is not clearly forbidden by section 1, art. 5, c. 24, Session Laws 1931, supra. The application of the statute cannot be enlarged by construction to cover the admitted facts in this case. The taking of game fish with the hands is forbidden, but not nongame fish. McCord v. State, 2 Okla. Cr. 214, 101 Pac. 280; State v. Clifford, 3 Okla. Cr. 419, 106 Pac. 557; State v. Lawrence, 9 Okla. Cr. 16, 130 Pac. 508.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.