## BROWN v. STATE.

### No. A–11888.

Criminal Court of Appeals of Oklahoma.

Feb. 3, 1954.

W. C. Henneberry, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

The plaintiff in error, hereinafter referred to as defendant, was tried in the court of common pleas of Tulsa County on information charging him with having sold a one-half pint of whiskey to Fred Stapp, deputy sheriff. A jury was waived. Defendant was found guilty and sentenced to thirty days in jail, and to pay a fine of $50. Appeal has been perfected to this court.

There are a number of assignments of error set forth in the petition in error, but counsel urged only two propositions for reversal, stating: "These were the only assignments of error that, in my opinion, have any merit and I wish to rely particularly upon the last one of the above." They read:

First: "That the court erred in permitting the State to introduce testimony over the objection of the defendant."

Second: "That the judgment and sentence of the court is contrary to the law and the evidence."

Counsel argues under the above specifications of error simply that the evidence of Deputy Sheriff Fred Stapp constituted the only evidence to support the offense charged, and that in that said officer testified that he called at the defendant's place in Tulsa and stated to defendant that he wanted to purchase a half-pint of whiskey and thereafter received a half pint of Old Forrester, for which he paid defendant, that the officer then became an accomplice of the defendant and that the rule being that the testimony of an accomplice must be corroborated in order to support a conviction, where there is no other evidence of guilt, defendant's demurrer to the evidence should have been sustained.

If Officer Stapp was an accomplice of the defendant in the purchase from him of the half pint of whiskey shown to have been sold the officer, the contentions of the accused would have to be sustained, for though the record discloses that Officer Stapp was accompanied by Deputy Floyd Jordan, he did not testify. (The defendant did not testify and offered no evidence.) See Tit. 22 O.S.1951 § 742, providing:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

 Counsel points out that the defendant was prosecuted under Section 1 of Title 37 O.S.1951. This section was originally adopted as Section 1 of Article 3 of Chapter 69, Session Laws 1907–1908. The language was the same in the Act as originally adopted. So far as we are advised, this is the first time it has ever been contended before this court that it was the intention of the Legislature by the wording of the above statute to make the purchase of liquor a crime. If such had been the intent it could have easily and clearly been expressed. But a consideration of the title to the Act may be enlightening, because the body of an Act cannot be broader than the title. Const. Art. 5, § 57. And of course where the body is broader than the title, then the Act is unconstitutional as to such provisions. This is a correct statement of the principle, although any deficiency in the title would not now invalidate the section since its adoption as a part of the Codes of 1941 and 1951. Still as suggested by the Attorney General, "the title does remain as a very valuable aid in interpreting the body of the Act and determining the intent of the legislature."

The title [Section 1 of Art. 3 of Chap. 69, S.L.1907–1908] reads:

"An Act to establish a state agency, and local agencies for the sale of intoxicating liquors for certain purposes: and providing for referring the same to the people; prohibiting the manufacture, sale, barter, giving away or otherwise furnishing of intoxicating liquors, except as herein provided; providing for the appointment of an attorney, and for the enforcement of the provisions of this act; making an appropriation and declaring an emergency."

But counsel quotes a portion of Section 1 of Title 37 O.S.1951, and italicizes the phrases that he contends sustain his position, advanced in this case. We quote:

"It shall be unlawful for any person, individual or corporation to furnish, except as in this chapter provided, any spirituous, vinous, fermented or malt liquors, or any imitation thereof or substitute therefor, or to manufacture, sell, barter, give away or otherwise furnish any liquors * * * *or to solicit the purchase or sale of any such liquors,* either in person or by sign, circular, letter, card, price list, advertisement, or otherwise, or to distribute, publish or display any advertisement, sign or notice where any such liquor may be manufactured, bartered, sold, given away, or otherwise furnished, or to have the possession of any such liquors with the intention of violating any of the provisions of this chapter. * * *"

Counsel seeks to avoid the effect of many cases from this court and other courts on the question, by asserting that the above clause in italics, as well as other statutes, to be referred to, were never prior hereto considered or tested in connection with the proposition now raised.

It is the argument of the Attorney General that the above clause refers to one who would solicit for a bootlegger in the sale of intoxicating liquors, and points out that the case of Steen v. State, 1910, 4 Okl. Cr. 309, 111 P. 1097, illustrates his point. The sixth paragraph of the syllabus reads:

"One who solicits a person to purchase liquor, and pilots him to another who has the liquor and sells it, assists in making the sale, and is indictable and punishable as a principal in the transaction."

 It is the conclusion of this court that there is nothing in the title to Chap. 69, S.L.1907–08 or any language in the body of the Act that makes the purchase of intoxicating liquor a crime. It must not be overlooked that no act is a crime unless made so by statute. Tit. 21 O.S.1951 § 2. We think this construction of the phrase of the statute in question reasonable. It certainly cannot be contended that the construction defendant seeks to have placed on

the statutory provision in question is not free from doubt. And we have said that in case of well-founded doubt as to whether an act is an offense, the act must be held not criminal especially when not malum in se. State v. Weindel, 52 Okl.Cr. 25, 2 P.2d 599; Hisel v. State, Okl.Cr., 264 P.2d 375.

But above this, counsel insists that Sections 172 and 28 of Title 21 O.S.1951 should be considered. Section 172 reads:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

Section 28 reads:

"Whenever an act is declared a misdemeanor, and no punishment for counseling or aiding in the commission of such act is expressly prescribed by law, every person who counsels or aids another in the commission of such act, is guilty of a misdemeanor, and punishable in the same manner as the principal offender."

While it may be that by reason of the fact that it takes two to make a sale and that it should be just as wrongful for one to purchase whiskey as it is for one to sell it, that is just an academic question, unless by some statutory provision such act is specifically made a crime. Tit. 37 O.S. 1951 § 1, the statute involved, as we have demonstrated, just does not make the act of receipt of liquor from a liquor dealer or bootlegger a crime. The other provisions of the statute urged do not so supplement Tit. 37, supra, as to bring about such result.

The case of Sowards v. State, 37 Okl. Cr. 307, 258 P. 284, is cited by the defendant as authority for the proposition that the buyer of liquor is an accomplice of the seller. That case is not in point for the reason that only the defendant and one Dilday testified. Dilday claimed that the defendant Sowards had proposed to sell him some whiskey and that defendant drove him out southeast of Holdenville, stopped his car, got out and brought back a quart of whiskey and stuck it in the shirt of witness, who promised to pay $2 for the same but that about that time the officers came up and placed both Dilday and defendant under arrest. The charge was dismissed as to Dilday. He became the State's sole witness.

When defendant testified he denied selling Dilday any whiskey, but on the other hand swore that Dilday was the person who had the whiskey stashed out and asked defendant to drive out and he, Dilday, would get it; that Dilday did find the whiskey and the officers found it on Dilday, and that at the time defendant was trying to get his car started. Defendant denied ever before having been out that way from Holdenville, or ever offering to sell Dilday whiskey or ever having been arrested before.

It was a question of who sold whom. This court from the meager evidence interposed, and the nature thereof, considered at best the evidence of Dilday insufficient to support the conviction. That was the point of law announced. It was beyond dispute that both persons went out to get the whiskey, but it was stated under the circumstances that the evidence of Dilday was in the nature of accomplice testimony.

The case of Brown v. State, 38 Okl.Cr. 15, 250 P. 154, is cited, but it was a transportation case; the prosecuting witness stating that he had asked defendant Brown to bring the whiskey from the river back to his car; that Brown did so and that he arrested him. Prosecuting witness was not an officer. The defendant denied carrying the whiskey to the car, but swore that he told witness that he had no whiskey to sell but that some boys had left some there under a tree and that witness could have a drink if he wanted one, but that then witness pointed a gun at defendant and attempted to arrest him. The case was reversed mainly by reason of the rejection of evidence offered by the defendant.

Any statement in any case from this court that might be deemed to convey

the idea that the purchaser of intoxicating liquor is an accomplice of the seller must be and is overruled. This by reason of what we have said hereinabove, and by reason of the long line of cases from this court to the contrary. See Leigh v. State, 34 Okl.Cr. 338, 339, 246 P. 667, where we said:

"It is argued that the purchaser of liquor is an accomplice of the seller, and that there must be corroboration of his testimony. This contention is wholly untenable. An accomplice is one who may be informed against for the offense for which the defendant is being tried, one culpably implicated in the commission of the particular crime charged. Cudjoe v. State, 12 Okl.Cr. 246, 154 P. 500, L.R.A.1916F, 1251; Hendrix v. State, 8 Okl.Cr. 530, 129 P. 78, 43 L.R.A.,N.S., 546; Pringle v. State [32 Okl.Cr. 187], 239 P. 932; Brownell v. State [33 Okl.Cr. 323], 244 P. 65.

"One who purchases intoxicating liquor from a bootlegger is not an accomplice of the seller. He is guilty of no offense under the statute, unless after purchasing the liquor he should transport it or should have possession of it with intent to violate the law. These are independent offenses from the sale. Even if it should be held that a purchaser of intoxicating liquor were an accomplice of the seller, a detective, spotter, paid informer, or purchaser who buys it at an unlawful sale for the purpose of detecting the unlawful traffic, and in a way induces the commission of a crime, is what is termed a feigned accomplice, to whom the rule as to corroboration as an accomplice does not apply. State v. Gibbs, 109 Minn. 247, 123 N.W. 810, 25 L.R.A.,N.S., 449; State v. Hoxsie, 15 R.I. 1, 22 A. 1059, 2 Am.St.Rep. 838; Freeman v. State, 11 Tex.App. 92, 40 Am.[St.]Rep. 787; 1 R.C.L. p. 159, § 6, 15 R.C.L. p. 400, § 167."

See also Hardy v. State, 72 Okl.Cr. 303, 115 P.2d 767; and Tipton v. State, 80 Okl.

Cr. 49, 156 P.2d 825; and see annotation at pages 896–897 of 68 A.L.R.

The judgment of the court of common pleas of Tulsa county is affirmed.

JONES and BRETT, JJ., concur.