## BILL SMITH v. STATE.

No. A.-10290.   May 10, 1944.

(148 P. 2d 994.)

376

Long & Long, of Pauls Valley, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J.  Bill Smith was charged in the district court of Garvin county with the crime of receiving stolen property, was tried, convicted by a jury who left the punishment to the court.

After motion for new trial was overruled, the defendant was sentenced to serve a term of three years imprisonment in the State Penitentiary, and has appealed.

The evidence of the state showed that two 14-year-old youths went to a motion picture show in the town of Lindsay on Saturday night, November 2, 1941.  After the show the boys stole three dresses which belonged to Mrs. Mildred Rutherford and which were laying wrapped in a bundle in a Chevrolet car belonging to the Rutherfords. After the boys had stolen the dresses, they took them behind a seed store, unwrapped the package and then rewrapped them and hid the dresses in some bushes.  They then went to the secondhand shop owned and operated by the defendant and told the defendant what they had done and he told them if the stuff they had stolen was pretty good he would give them a dollar.  They then went after the dresses and returned to the defendant's place of business with them about midnight.  After the defendant looked the dresses over he gave them a quarter apiece for them.  About a week later the officers searched the place of business of the defendant and found the three dresses which were identified by Mrs. Rutherford as being her property.

The defendant admitted the purchase of the dresses from the boys, but claimed he did not know they were stolen. He said the boys told him that they found the bundle along the road. He further testified that when he bought the property he had the boys who sold him the property sign a ticket in accordance with the law and that he turned the ticket over to the officers. He also denied that the boys sold the stolen property to him about midnight. but stated that it was about dusk when they brought the bundle to him. He further testified that he bought the property for a quarter, in accordance with instructions which he had received from the town constable who had told him that whenever any boy brought him anything for sale that looked suspicious for him to pay them a very small price for it and hold it until they could find the true owner.

It is first insisted that the court erred in not instructing the jury that the two youths were accomplices of the defendant and that defendant could not be convicted on the uncorroborated testimony of an accomplice.

In the case of Comba v. State, 68 Okla. Cr. 373, 99 P. 2d 170, 171, it is stated:

"The term 'accomplice,' as used in section 3071, O. S. 1931, 22 Okla. St. Ann. 742, providing that no person shall be convicted of a crime on the testimony of an 'accomplice,' without corroboration, is construed as meaning one culpably implicated in the commission of the crime of which the defendant is accused; in other words, an associate, one who knowingly and voluntarily co-operates, or aids or assists in the commission of the crime.

"The general rule of law is that a person who steals property is not an accomplice of the one who receives the property, knowing it to be stolen. They are independent crimes.

"The well-recognized exception to this general rule is that if the one who steals and the one who receives the property conspire together, or enter into a prearranged plan for one to steal the property and deliver the same to the other, the one who receives it is the accomplice of the one who commits the theft, and vice versa. * * *

"The statute providing that no person shall be convicted of a crime on the testimony of an accomplice, without corroboration, was adopted for the purpose of protecting an accused * * *

"The purpose of the statute providing that no person shall be convicted of a crime on the testimony of an accomplice, without corroboration, is to prevent one guilty of a crime from implicating another falsely, for hope of clemency, motives of revenge, or for any other reason."

See, also, Finkelstein v. State, 68 Okla. Cr. 341, 99 P. 2d 167; Key v. State, 38 Okla. Cr. 169, 259 P. 659; Pringle v. State, 32 Okla. Cr. 166, 239 P. 948; Brownell v. State, 33 Okla. Cr. 323, 244 P. 65; Buttry v. State, 18 Okla. Cr. 330, 194 P. 286.

The testimony of the two youths was that they had stolen the property and hidden it before they talked to the defendant. Under such circumstances they would not be accomplices of the person who bought the stolen property because the person did not enter into a pre-arranged plan with the boys for them to steal the property and deliver it to him. The contention of the defendant is based upon the following question and answer addressed to the witness Huey Prichett:

"Q. How come you to take them down to him? A. He told us that anything we got to bring it down there and he would buy it."

We do not think that this evidence, standing alone, when construed with reference to the other testimony of

this youth and his companion, was such to require the court to give an instruction on accomplice testimony.

It is next insisted that the court committed error in the giving of instruction No. 6, which reads:

"You are instructed that evidence has been offered by the state tending to show the commission by the defendant of an offense or offenses other than the one for which he is now on trial, and in this connection, you are instructed that such evidence has been admitted and is to be considered by you only for the purpose of throwing light upon the question of the guilt or innocence of the defendant of the specific charge contained in the information in this case and for which he is now on trial, if you find that such evidence does throw light upon the guilt or innocence of the defendant."

An instruction in the identical language given by this same trial court was criticized in the recent opinion of this court in the case of Herren v. State, 75 Okla. Cr. 251, 130 P. 2d 325.

The other offenses herein involved concerned the testimony of one of the youths that he had previously sold the defendant some flashlights and other things that he had stolen out of some cars.

In the early case of Smith v. State, 3 Okla. Cr. 629, 108 P. 418, it is stated:

"Upon the subject of motive or intent, other transactions tending to prove its criminal existence, even though they may involve other offenses, may be given in evidence against the defendant, but such evidence must be so limited and restricted as to leave the jury only at liberty to use it to discover the motive or intent actuating the accused in the act for which he is on trial."

In the case of State v. Rule, 11 Okla. Cr. 237, 144 P. 807, it is held:

"Where evidence is offered tending to prove that the defendant has committed an offense other than that for which he is on trial, good practice requires that the prosecuting attorney should state the purpose for which the evidence is offered, and, if it is admissible for that purpose, the trial court should instruct the jury as to the purpose for which they may consider it."

In this case the admission of the testimony of the youth that he had sold certain other articles of personal property which he had stolen that same night to the defendant was evidently admitted solely for the purpose of showing guilty knowledge or intent in the commission of the crime charged. The only controversy in this case was whether the defendant knew that the goods were stolen property at the time he purchased them. Upon this question the court properly admitted evidence of sales of the other personal property made to the defendant at the same time as that herein involved. However, the court should have asked the county attorney the purpose for which such evidence was offered, and then, in accordance with the decisions above quoted, limited the jury in its consideration of said testimony to the purpose for which it was admitted.

In the case of L. Jones v. State, 69 Okla. Cr. 244, 101 P. 2d 860, we approved the following instruction:

"8. You are further instructed that testimony has been permitted to go before you relative to the alleged forgery and the offering of other requisitions than the one described in the Information filed herein. This has not been permitted to be introduced for the purpose of affording any proof that the defendant either forged or offered for sale the instrument described in the Information, and must not be so considered by you. It was permitted to go to you only for the purpose of aiding you in determining what, if any, intent the defendant may have had in the performance of any act having to do with the

particular requisition described in this Information, and to aid you in determining whether or not he was a party to any plan or scheme entered into between himself and others for the purpose of defrauding the County or State by the forging and uttering of requisitions, among which was the one described in this Information. Before you can find the defendant guilty of the offense charged in this Information, you must find, beyond a reasonable doubt, that he directly aided and abetted in the forging and uttering of this particular requisition."

Also, in the case of Spivey v. State, 69 Okla. Cr. 397, 104 P. 2d 263, the same trial judge who gave the instruction in L. Jones v. State, supra (Judge Lucius Babcock), gave the following instruction which complies with the law in fairly instructing the jury as to the purpose for which other offenses were admitted in that case.

"7. You are further instructed that certain testimony has been permitted to go before you concerning other transactions than the one charged in the Indictment herein. Testimony has been introduced relative to the sale of the royalty under the Webster School property, testimony relating to the sale of the oil and gas lease of what is known as the Park Place-Wilson Lease and also testimony relating to the purchase of land for the Northwest High School from D. R. Cummings. This testimony was not admitted in evidence, nor should you so consider it, as in any way tending to prove the guilt or innocence of the defendant of the specific offense charged in this Indictment, for one may not be convicted of the commission of one crime by any proof tending to show that he may or may not have committed another. The defendant in this case is being tried for the specific offense charged in the Indictment herein and before you can return a verdict of guilty in this case, you must find that he committed that specific offense. This testimony was permitted to go before you to aid you to determine from all the facts and circumstances disclosed upon this trial whether or not there was a concerted plan and scheme entered into by these

defendants or any of them to violate the laws of the State of Oklahoma by corruptly accepting and receiving gifts and gratuities in consideration of the official services of members of the Board of Education of the City of Oklahoma City; and also to aid you in determining what, if any, was the intent of this defendant in relation to his acts, and you may consider it for such purposes and such purposes only."

Either of these instructions may well serve as models to other trial courts where similar cases arise.

Unless the trial court limits the jury in its consideration of other offenses to the particular purpose for which said testimony was admitted, such evidence will find a permanent lodgement in the average juror's mind who will oftentimes justify defendant's condemnation because of these other offenses, irrespective of his guilt of the crime for which he is being tried.

As was said in the recent case of Byers v. State, 78 Okla. Cr. 267, 147 P. 2d 185, 188:

"Juries are too prone, when such other offenses are admitted in evidence, to find an accused guilty of the crime charged merely because he might have committed some other offense."

There are other assignments of error discussed in the brief of defendant. These questions deal with the alleged insufficient verdict and irregularities in procedure that will not arise in another trial and for that reason this opinion will not be prolonged by a discussion of them.

For the reasons hereinabove stated, the judgment of the district court of Garvin county is reversed and remanded, with instructions to grant the defendant a new trial and for further proceedings in accordance with this opinion.

BAREFOOT, J., concurs. DOYLE, J., not participating.