## PALMER v. STATE.

No. A-11262.   Feb. 28, 1951.

(228 P. 2d 391.)

358

H. M. Shirley, Coalgate, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Harvey Palmer, was charged in the district court of Coal county with the crime of receiving stolen property, to wit: One set of check lines of the value of $10 from one Bobby Ray Foster; was tried, convicted, and pursuant to the verdict of the jury was sentenced to pay a fine of $250 and has appealed.

Two assignments of error are presented. First, the evidence was insufficient to prove defendant guilty of the crime charged against him. Second, the court erred in admitting evidence reflecting on the character of defendant when he had not offered evidence as to his good character.

The first assignment of error requires a summary of the evidence. Bobby Ray Foster testified that he talked to the defendant about stealing some check lines; that he had learned from Roy and Floyd McAusland that Claude West had some check lines; and on June 12, 1948, he stole the check lines from Claude West's barn about 7:30 or 8:00 p. m.; that he left the lines near a fence and immediately went to defendant's house and reported to him that he had the lines which he had stolen from Claude West; that he took the defendant to where the lines were left; that the defendant looked at the lines and said they were pretty good lines and gave him $3; that he and defendant drove into town and stopped at John Wood's station where the defendant bought a quart of oil and two bottles of pop in order to get change for a five dollar bill; that the defendant then gave him another dollar, which made a total of $4 he received from defendant for the stolen check lines.

Claude West testified that someone stole his check lines on June 12, 1948, and that on the following Sunday night the sheriff called him to his office where he had his lines, which he the witness identified.

Thea Bonner, sheriff of Coal county, testified that Claude West reported that someone had broken into his barn and stolen his lines; that after making an investigation he arrested Bobby Ray Foster; that after some questioning Foster told him where the lines were and he took Foster to the defendant's house; that he, the defendant, and Foster all went to the defendant's barn where he found the lines in a sack, tied to a rafter; that defendant denied taking the lines and accused Foster of hiding them in his barn.

John Wood testified that he operated a service station at Coalgate; that about 8 p. m. on June 12, 1948, the defendant and Bobby Foster came to his station in a car together; that defendant purchased some oil and two bottles of pop and paid for them with a five dollar bill; that he gave defendant back the change.

There were other witnesses who testified for the state but the above summary is sufficient to dispose of the first assignment of error. The defendant did not testify. He contended, through his counsel, that if any crime had been committed by defendant it was that of petit larceny, and offered the evidence of a hardware dealer that new check lines only cost from $9.50 to $13.50.

In Smith v. State, 78 Okla. Cr. 375, 148 P. 2d 994, this court held:

"The general rule of law is that a person who steals property is not an accomplice of the one who receives the property, knowing it to be stolen. They are independent crimes.

"The well-recognized exception to this general rule is that if the one who steals and the one who receives the property conspire together, or enter into a pre-arranged plan for one to steal the property and deliver the same to the other, the one who receives it is the accomplice of the one who commits the theft, and vice versa.

"The statute providing that no person shall be convicted of a crime on the testimony of an accomplice, without corroboration, was adopted for the purpose of protecting an accused.

"The purpose of the statute providing that no person shall be convicted of a crime on the testimony of an accomplice, without corroboration, is to prevent one guilty of a crime from implicating another falsely, for hope of clemency, motives of revenge, or for any other reason."

See, also, Comba v. State, 68 Okla. Cr. 373, 99 P. 2d 170; Finkelstein v. State, 68 Okla. Cr. 341, 99 P. 2d 167; Key v. State, 38 Okla. Cr. 169, 259 P. 659; Pringle v. State, 32 Okla. Cr. 166, 239 P. 948; Brownell v. State, 33 Okla. Cr. 323, 244 P. 65; Buttry v. State, 18 Okla. Cr. 330, 194 P. 286.

The testimony of Bobby Ray Foster does not expressly show that he was an accomplice. He testified that defendant had talked to him about some check lines; that he learned from the McAusland brothers that Claude West had some check lines, so he stole them; that after stealing them he showed them to the defendant, who purchased them for $4. There was no preconceived plan whereby the defendant knew of the theft of the check lines from Claude West before they were stolen. He had, however, told Foster that if he could steal some check lines he would buy them from him. Under such circumstances the trial court submitted the issue to the jury as to whether Bobby Ray Foster was an accomplice and fully defined an accomplice, and further instructed the jury that the defendant could not be convicted upon the uncorroborated testimony of an accomplice. An instruction was also given defining corroborative evidence. There is no complaint presented as to any of these instructions.

Assuming that the jury found that Bobby Ray Foster was an accomplice of the defendant, there was ample corroborative testimony to sustain the conviction. The check lines were found in the possession of defendant. John Wood saw the defendant and Foster together the night the lines were stolen and changed a five dollar bill for defendant. While the sheriff was making an investigation of the theft, the defendant sent word by Don Batchelor to Foster that he wanted to see him, and

Batchelor and the McAusland boys, after telling Foster that the defendant wanted to see him, saw defendant and Foster have a private conversation. Batchelor and the McAusland brothers testified concerning this circumstance.

The second assignment of error concerns the testimony of Bobby Foster that the defendant also told him that he knew where some wire was and that if Foster would steal it for him he would give him $6 a spool. The testimony on this proposition was admitted without objection. At the time Foster gave this testimony he also related the conversation that he had with the defendant when the defendant talked to him about wanting some check lines, which was in a part of the same conversation. Since this testimony was admitted without objection the defendant may not now question its admissibility. Moreover, we think the evidence was admissible as bearing upon the question of the guilty knowledge or intent of the defendant in receiving the property which had been stolen.

It has been held that evidence showing that the defendant accused of receiving stolen property had bought other stolen property from the thief at about the same time was admissible for the purpose of showing guilty knowledge or intent. Smith v. State, supra. There is no reversible error in the record.

The judgment and sentence of the district court of Coal county is affirmed.

BRETT, P. J., and POWELL, J., concur.