# SPARKS v. STATE.

No. A-11460.   Oct. 31, 1951.

(237 P. 2d 159.)

Thad L. Klutts, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A .Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J.   Henry T. Sparks, plaintiff in error, who will hereinafter be referred to as defendant, was charged by information filed in the district court of Oklahoma county with the crime of receiving stolen property.   He was tried before a jury, convicted, with punishment left to the court, who assessed a penalty of two years confinement in the State Penitentiary.   The case has been appealed to this court.

The information charges that the defendant did "receive certain personal property, to-wit: Two (2) 1000 x 20 tires, from Otis Gene Baledge and Alvin Willard Wensenk, said personal property having been stolen by Otis Gene Baledge and Alvin Willard Wensenk from Gates Rubber Company, the rightful owner thereof, said defendant knowing said personal property to have been stolen at the time he received the same, * * *."

Alvin Willard Wensenk and Otis Gene Baledge both testified, and admitted that they broke and entered, and stole the two tires in question from the Gates

Rubber Company warehouse, in Oklahoma City, and sold them to the defendant for $55. The delivery to Sparks was on July 22, 1949, as charged in the information. Wensenk made all agreements with the defendant, took his order, agreed on terms of sale, etc. He detailed a number of previous sales to defendant, the purchase price always being a fraction of the actual value. These sales covered a period of about a month and a half, ending with the sale involved in the within charge. Said witness: "He asked me where the tires were coming from, and I told him that was my end of the business, and the other end was his." He also said: "I had told him [defendant] that the tires were 'hot', that they were stolen." Witness denied ever making any trips with the defendant.

Basil Hill testified that the latter part of July, 1949, he purchased two 1000 x 20 truck tires from the defendant for $50, the delivery being made at 12 South Tuttle. That later the defendant and two deputies from the sheriff's office, Sherman Brown and Dick Finley, came over and advised him the tires were stolen, and asked that he bring them to the sheriff's office, which he did.

Cecil Butts, warehouse manager for the Gates Rubber Company, testified to discovery on July 22, 1949, that a large number of tires had been stolen from his company's warehouse. Missing were the two tires described in the information herein. Witness testified that the list price of the two tires was $270; that the two tires in question were returned to him by the police.

Sherman Brown, deputy sheriff, testified to investigating the Gates Rubber Company warehouse burglary. He testified to taking a written confession from the defendant, whom he first warned of his constitutional rights to refrain from talking. The purported confession was admitted in evidence, and in the confession defendant admitted having received a number of "hot" tires from Wensenk and Baledge previous to the time in question, as well as the two large tires heretofore described. He claimed that he got $55 for these tires from Basil Hill, about whom he said: "He had enough sense to know that they were hot."

Sherman Brown, deputy sheriff, testified that when he called on defendant investigating the Gates Rubber Company theft that the defendant admitted that he had obtained the tires from Wensenk and Baledge.

When the state completed its evidence in chief, defense counsel demurred thereto, which was overruled and an exception saved. The defendant did not testify, and no evidence was offered in his behalf. He rested his case on a demurrer to the evidence.

Counsel for defendant contends under his first proposition that the court should have sustained the demurrer to the evidence for the reason that Wensenk and Baledge were accomplices and there was no evidence corroborating their testimony.

The principles of law involved were discussed by this court in some detail in the very recent case of Palmer v. State, 93 Okla. Cr. 357, 228 P. 2d 391. In that case we stated:

"The general rule of law is that a person who steals property is not an accomplice of the one who receives the property, knowing it to be stolen. They are independent crimes.

"The exception to this general rule is that if the one who steals and the one who receives the property conspire together, or enter into a prearranged plan for one to steal the property and deliver the same to the other, the one who receives it is the accomplice of the one who commits the theft, and vice versa.

"Where the proof as to whether there was a preconceived plan between the thief and the one who receives the stolen property is conflicting the court acted properly in submitting the issue to the jury as to whether the one who stole the property and delivered it to another was an accomplice of the one who received the property, and the court acted properly in further instructing the jury that if they should find that the one who stole the property was an accomplice of the one who received it that the one who received the stolen property could not be convicted on the testimony of the accomplice without corroboration."

As conceded by the Attorney General, there was some slight evidence in the instant case tending to show a preconceived plan between Alvin Willard Wensenk and the defendant Sparks relating to the theft of the two tires in question. Although this evidence was slight, nevertheless the trial court wisely and correctly gave full and complete instructions on the issue of what constitutes an accomplice, and advised the jury that a conviction could not be had upon the testimony of an accomplice unless corroborated by other evidence. Defense counsel took no exceptions to any of the instructions and we have examined them and find them proper, and find that the issues were fairly submitted.

Aside from the evidence of Wensenk and Baledge, who admitted stealing the tires here involved, there was other corroborative evidence, and being the admissions of the defendant to deputy sheriff Brown, and the signed confession of the defendant, which was admitted in evidence. The testimony of Basil Hill to the purchase of the new truck tires from defendant with a list value of $270 for $55, about the surreptitious delivery, the fact that Hill would not give any information until the defendant talked with him privately, etc., were all corroborative circumstances.

Counsel for defendant next contends that the court erred in admitting evidence of other transactions between the witness Wensenk and the defendant relating to other stolen property received by the accused.

This question is treated in the case of Goodwin v. State, 68 Okla. Cr. 381, 99 P. 2d 181, where the defendant was charged with receiving stolen property. There it was held not error to admit testimony that defendant had received other stolen property from the same person. We said:

"As a general rule, evidence of other offenses, though of the same nature, is not admissible for the purpose of showing that the defendant is guilty of the particular offense charged. An exception to this rule arises where the other offense or offenses tend to identify the defendant with the offense charged; or where such evidence is for the purpose of showing that the offense charged was part of a system, plan or scheme, including other like offenses so related to each other, that evidence of one tends to establish the other."

We find the evidence sufficient to justify the verdict, and find no error in the record that will warrant this court in disturbing the verdict and judgment entered.

The case is affirmed.

BRETT, P. J., and JONES, J., concur.