James Bud LOHMAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-79-710.

Court of Criminal Appeals of Oklahoma.

Nov. 20, 1980.

Rehearing Denied Dec. 30, 1980.

As Corrected Jan. 13, 1981.

Gerald Hunter, Sallisaw, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Richard Parrish, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

The appellant, James Bud Lohman, was tried and convicted on a charge of Knowingly Receiving Stolen Property, in the District Court of Sequoyah County, Case No. CRF–78–260. The jury returned a verdict of guilty and assessed a sentence of one (1) year in the County jail and a fine of Five Hundred Dollars ($500.00).

The evidence presented by the State centered primarily around the testimony of Jess Brown, who testified that the appellant engaged him to steal some cattle from a Sebastian County, Arkansas, farm. Brown related the details of the agreement, testifying that the appellant offered him $100.00 per head for each cow he delivered.

Brown then recited the events of Sunday, November 12, 1978, when he, Jack Cagle, and several other accomplices made the theft. He attested to making two trips to the Sebastian County farm and returning with the cattle and unloading them in the appellant's cattle lot near Vian, Oklahoma. Upon his return with the second load, he and the appellant each pulled a trailer load of the stolen cattle to a small pasture in Cherokee County, Oklahoma, near the community of Welling. There, he stated, the stolen cattle were unloaded at appellant's direction, and Brown was paid $300.00 by the appellant, with the agreement that the remaining $1,500.00 would be paid later for the 18 stolen cows.

Brown's testimony revealed that after leaving the pasture, where the cattle had been taken, he and Jack Cagle drove to Sallisaw, Oklahoma, to recover his truck, which had broken down while returning with the first load of stolen cattle. While there, he and Cagle were arrested on other charges.

Other testimony presented by the State revealed that while in jail Brown informed the sheriff of the cattle theft, and later Cagle led officers to the site where the stolen cattle had been taken. One officer testified that the lot where the cattle were recovered was near the appellant's home and previously had been leased by the appellant. Testimony was presented that while the officers were waiting for the owner of the stolen cattle to arrive for identification of the cattle the appellant drove up in his pickup truck and asked them what they were doing. The appellant's explanation for his presence at the lot was that he was looking for some horses which had wandered from his property.

The local sheriff testified that the appellant owned a cattle lot near Vian, Oklahoma. Another officer, in his testimony, stated that he saw feed in the back of the appellant's pickup truck at the lot where the stolen cattle were recovered. At the end of the State's case in chief, the appellant interposed a demurrer to the evidence which was overruled.

The appellant testified in his own behalf that he was home with his wife the night of the theft and in Little Rock, Arkansas, on the subsequent day.

The appellant's two assignments of error assert essentially the same argument: that the evidence was insufficient to submit to the jury on the charge of receiving stolen property. He bases his argument on two points of law. The first is that a conviction cannot be had upon the uncorroborated testimony of an accomplice.

Defendant reasons that the testimony of Brown indicated that the theft and later receiving were pursuant to a prearranged plan, thereby taking this case out of the general rule that the thief is not an accomplice of the receiver, and requiring corroboration under 22 O.S.1971, § 742. See *Hair v. State*, Okl.Cr., 294 P.2d 846 (1956) and 53 A.L.R.2d 817 §§ 11 and 12. However, this view has been criticized, see *State v. Mercer*, 114 Mont. 142, 133 P.2d 358

(1943) and 2 UCLA Law Review 571 (case note), and seems to rest on a more theoretical, than actual, basis. However, we need not review the continued vitality of this view, since even assuming that Brown was an accomplice, sufficient corroboration appears in the record.

The evidence brought forth by the State in corroboration of the accomplice's testimony revealed that the lot near Vian, Oklahoma, to which the cattle were first taken, was owned by the appellant, that the cattle were found in a lot near the appellant's home and one which he previously had used, and that the appellant drove up to the lot in his pickup with hay and feed in the back while the officers were waiting for the owner of the stolen cattle. This evidence sufficiently corroborates the testimony of the accomplice to allow the jury to infer that he was testifying truthfully.

■ The second point of law brought forth by the appellant to support the argument that his demurrer should have been sustained is that his agreement with Brown made him a principal in the theft of the cattle, and that therefore he could not have been found guilty of receiving stolen property. As authority for this contention, he relies on the decision in *McGee v. State*, 60 Okl.Cr. 436, 65 P.2d 207 (1937), which he interprets to mean that one who assists in a theft or asportation of stolen property cannot be convicted as a receiver. The appellant misconstrues our holding in *McGee*, however. There, the defendant, accused of receiving stolen property, was shown to have assisted the thieves in transporting stolen tires to a site where they could be sold. We stated that without evidence of relinquishment of the stolen property on the part of the thieves to the defendant he could not be guilty of receiving it. In the present case, the testimony showed clearly that the thieves turned over the cattle to the appellant at his direction. In this case, unlike *McGee*, evidence of the thieves' relinquishment of the stolen property was sufficiently shown.

It has never been held by this Court that where there is a prearranged plan for one to steal property and deliver it to another the one to whom the property was delivered could not be convicted of receiving stolen property. Numerous cases have held to the contrary. See *Sparks v. State*, 94 Okl.Cr. 416, 237 P.2d 159 (1951); *Palmer v. State*, 93 Okl.Cr. 357, 228 P.2d 391 (1951); *Butcher v. State*, 44 Okl.Cr. 124, 279 P. 973 (1929).

■ In a prosecution for receiving stolen property, all that need be shown is that the property is in fact stolen, that the accused took possession of the stolen property, and that he knew or should have known that the property was stolen. *Gentry v. State*, Okl.Cr., 562 P.2d 1170 (1977). These elements were established by the State. The testimony showing that the appellant and the confessed thieves had a prearranged plan, did not preclude a conviction for receiving stolen property. The trial court did not err in overruling the appellant's demurrer to the evidence.

James Bud Lohman, appellant, was convicted of Knowingly Receiving Stolen Property; was assessed a sentence of one (1) year in the County jail and a fine of Five Hundred Dollars ($500.00), and appeals. AFFIRMED.

It is so ordered.

CORNISH, P. J., and BRETT, J., concur.