Marvin Dale BILLINGS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–716.

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1982.

Arthur R. South, Cude & South, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Crim. Div., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Appellant, Marvin Dale Billings, was convicted of Concealing and Withholding Stolen Property, After Conviction of a Felony, in the District Court of Comanche County. His punishment was set by the jury at seven (7) years' imprisonment.

■ Billings raises two assertions of error on appeal. He, first, alleges that the trial court erred in not sustaining his demurrer to the evidence at the close of the State's case. Billings argues that the State failed in its burden to show that he had reasonable cause to believe that the property found in his possession was stolen. It is significant to note, however, that after the demurrer had been overruled by the trial court, Billings then went forward and offered evidence in his own defense. This action by the appellant constituted a waiver of his right to appeal the ruling on his demurrer. It is clear that the right to challenge a ruling of a demurrer to the evidence on appeal is waived where the defendant then goes forward and offers evidence in his defense. *Morrison v. State,* 628 P.2d 381 (Okl. Cr. 1981); *Shockey v. State,* 524 P.2d 33 (Okl. Cr. 1974).

Billings, secondly argues that the State's evidence was insufficient to prove beyond a reasonable doubt that he knew or had reasonable cause to know that the property was stolen. In considering the sufficiency of the evidence on appeal it is necessary to make a determination based on an examination of the record as a whole. *Washington v. State,* 554 P.2d 819 (Okl. Cr. 1976); *Shockey v. State,* supra; *Smith v. State,* 509 P.2d 1391 (Okl. Cr. 1973). In the instant case, the following evidence was adduced at trial.

Officer Dan Steinbroner of the Lawton Police Department testified that at approximately 6:00 a. m. on September 2, 1980, he found the appellant asleep in a pick-up truck. He testified as to the tag number and gave a general description of the truck, both of which matched a truck owned by Robert Hall. Officer Steinbroner also testified that there was no one else in the truck and Billings was asleep at the steering wheel. He stated that he asked Billings for identification, which he could not produce. He then asked him his name, date of birth, and social security number, to which Billings replied that his name was Marvin Dale Young. After running a check, Steinbroner learned that the suspect's real name was Marvin Dale Billings, after which the officer arrested him and had the truck impounded. Steinbroner also testified that when he asked Billings what he was doing there, he replied that he was waiting for his girlfriend who lived up the street. He also stated that Billings told him the truck belonged to a friend of his, but he was unable to give him a name or address.

On cross-examination Steinbroner stated that the reason he did not record the fact that the appellant gave him his wrong name was because he did not feel it was important. He also stated that he noticed nothing unusual about the vehicle and did not recall any evidence of alcohol in the truck. He further testified that defendant's clothes were dirty, but that he did not recall any grease on them or on Billings' hands.

Mrs. Judy Hall testified that she lived at 3438 Lincoln in Lawton, Oklahoma, about eight blocks from where Billings was found asleep in her truck. She stated that she last saw her husband's tan-colored 1978 Ford pick-up truck in their yard between 9:00 and 10:00 p. m. on September 1, 1980. She discovered that the truck was missing at about 10:00 a. m. the following morning. She related that no one was given permission to take or drive the truck. On cross-examination Mrs. Hall testified that the last time she saw the truck it was not in working order because her husband had removed the battery.

The State then called Robert Hall, Mrs. Hall's husband. His testimony was substantially the same as Mrs. Hall's. He identified his truck through serial and license tag numbers. On cross-examination Mr. Hall also acknowledged that the truck did not have a working battery when he last saw it. He stated when he later picked the truck up at the salvage yard it had a working battery in it.

The State then rested and defendant demurred to the evidence, which the trial court overruled. The defense then went forward and offered evidence. The defense called Marie Young, the appellant's girlfriend. Miss Young's testimony was essentially as follows; that she was seventeen years old and lived with her parents at 2605 Northwest 46th Place, Lawton, Oklahoma; that the day before Billings' arrest they had met each other about 1:00 P.M. and spent the entire afternoon together drinking a large amount of beer. A little before dark she returned to her parents' house, leaving Billings at a nearby park. She returned with her twelve year old sister. Later, all three went back to her house to obtain permission to go to the carnival. After obtaining permission the three walked to the carnival at Fort Sill. While at the carnival they met someone by the name of Mike, who offered to take them to the mountains in his pick-up truck after the carnival closed. The appellant and the person known only as Mike then brought her sister and herself home in the pick-up truck.

On cross-examination Miss Young admitted that she had never told the police, the prosecutor, or the judge about the person known as Mike at any time prior to her trial testimony; and that she did not want to see Billings convicted because they were planning to be married.

Warren K. Young, the father of Marie Young, testified that his daughter and Billings came to his house and asked to go to the carnival. He then observed his two daughters, and the appellant walking down the street in the direction of the carnival. He stated that Miss Young returned to the house about 1:30 a. m. in an intoxicated

condition. He also stated that she and her sister had been dropped off at the corner of 46th Place and 47th Street from a pick-up and that they then walked into the house. He stated that when Marie came in the house he saw dirt or grease on her clothes.

In a prosecution for receiving stolen property, the State must prove beyond a reasonable doubt that: 1) the property was in fact stolen; 2) that the accused was in possession of the stolen property; 3) that defendant had actual knowledge or reasonable cause to believe that the property was stolen. *Lohman v. State,* 632 P.2d 430 (Okl. Cr. 1980); *Gentry v. State,* 562 P.2d 1170 (Okl. Cr. 1977). In the instant case, there is no dispute as to the first two elements. The State adequately showed, through direct evidence, that the truck was stolen and that Billings was found in possession of it.

■ As to the third element, the appellant argues that the State failed to show that he had reasonable cause to believe that the truck was stolen. The burden of showing such requisite knowledge on the part of a defendant is a major dilemma facing prosecutors in cases of this type. Generally, the State must resort wholly to circumstantial evidence. When the State relies wholly upon circumstantial evidence to prove the requisite knowledge, as in this case, the circumstances relied upon must point clearly to guilt and exclude every other reasonable hypothesis except that of guilt. *Hughes v. State,* 536 P.2d 990 (Okl. Cr. 1975). However, it need not exclude every possibility other than guilt. *Hager v. State,* 612 P.2d 1369 (Okl. Cr. 1980); *White v. State,* 607 P.2d 713 (Okl. Cr. 1980).

■ In this case, the question of sufficiency of the evidence is very close. However, the possession of the truck by Billings only hours after and blocks away from where it was stolen; his giving the officer a false name; and his inability to give the officer the name or address of the friend who supposedly owned the truck, are all circumstances which tended to show that the appellant had reasonable cause to believe the vehicle was stolen. Further, even if the jury did believe the defense's theory

that the person known as Mike loaned Billings the truck, that fact did not preclude the appellant from knowing that the truck was stolen.

■ While mere possession of property recently stolen is not alone sufficient proof of the requisite knowledge, that fact supplemented with other facts inconsistent with honest possession creates a question of fact for the jury. *Carter v. State,* 595 P.2d 1352 (Okl. Cr. 1979); *Davie v. State,* 414 P.2d 1000 (Okl. Cr. 1966). The jury found that the evidence presented was sufficient to infer that Billings had the requisite knowledge. We find that the circumstantial evidence was sufficient to support a conviction of concealing and withholding stolen property. This Court will not interfere with the verdict even though there is conflict in the evidence and sharply differing inferences may be drawn therefrom. *Mayberry v. State,* 603 P.2d 1150 (Okl. Cr. 1979); *Thomas v. State,* 556 P.2d 1321 (Okl. Cr. 1976). We therefore hold that the evidence was sufficient to support the jury's finding of guilt.

The judgment and sentence appealed from is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.