Max Kenneth TAYLOR, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13294.

Court of Criminal Appeals of Oklahoma.

Dec. 26, 1962.

Valdhe F. Pitman and Malcolm Baucum, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jim Barnett, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Plaintiff in error, Max Kenneth Taylor, hereinafter referred to as defendant, was charged in the Court of Common Pleas, Oklahoma County by Information with the crime of Damaging A Vehicle. He was tried by a jury, found Guilty and punishment assessed in the amount of $100.00 fine and costs.

Appeal was lodged in this Court in the time prescribed by statute, alleging nine errors of law upon which defendant relies for reversal, which the first proposition only will be discussed here.

The facts of the case, briefly, are as follows—

An off-duty policeman, Bill Culbertson, was working extra at the Windsor Lanes Bowling Alley on the evening of November 28, 1961. At approximately nine o'clock, he observed a 1955 Studebaker enter the parking lot, parked and two boys got out of the car (neither being the defendant), went to another parked car and removed two car seats from the rear end, and started back to the Studebaker, which the defendant was driving. The off-duty officer tried to stop the defendant's car, and the defendant, in trying to get away from this officer, hit several parked cars with his vehicle.

From the above facts, the Information that was filed by the County Attorney's office read as follows:

"In the name and by the authority of the State of Oklahoma, comes now James H. Harrod, the duly qualified and acting County Attorney in and for Oklahoma County, State of Oklahoma, and on his official oath gives the COM-

MON·PLEAS Court in and for said Oklahoma County and the State of Oklahoma, to know and be· informed that heretofore, to-wit: On the 28th day of November A.D. 1961, in Oklahoma County, State of Oklahoma, MAX KENNETH TAYLOR, whose more full and correct name is to your informant unknown, then and there being, did then and there wilfully, unlawfully and wrongfully commit the crime of DAMAGING A VEHICLE in the manner and ·form as follows, to-wit:

"Did violate the provisions of the Highway Safety Code for the State of Oklahoma, Chapter 4, Sec. 4–104(a), in that the said defendant did wilfully, unlawfully and wrongfully, with intent and without any right to do so, did by driving and using his 1955 Studebaker, red and white, in such a manner as to strike and damage; did strike and damage one 1960 · Plymouth, 4-door, bearing 1961 Oklahoma license #1–181496, the said vehicle being owned and under the control of M. B. Wright of 2708 West Park Place, and while the said vehicle was at rest and unattended; contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma."

The particular· provision of the Statute under which the Information is drawn is Title 47 O.S.A. § 4–104(a), which reads as follows:

"A person, who, with intent and without right to do so, injures or tampers with any vehicle or in any other manner damages any part or portion of said vehicle or any accessories, appurtenance or attachments thereto is guilty of a misdemeanor."

In construing this particular provision of the above Statute, it would be ·better to consider·it in connection with the other provisions of the chapter stated above, titled "ANTI–THEFT LAWS", providing laws relating to the theft of vehicles.

■ This Court held in the case of Brown v. State, Okl.Cr.App., 266 P.2d 988:

"The title of an act is a valuable aid in interpreting body of act and determining intent of legislature."

Title 47 O.S.A. § 4–104(a) is based upon Section 34(a) of the Uniform Motor Vehicle Certificate of Title and Anti-theft Act. In 1956, the National Safety Council included all of the uniform acts pertaining to motor vehicles in a pamphlet denominated "Uniform Vehicle Code". This pamphlet included in a separate chapter the provisions relating to theft under a sub-division denominated "Anti-theft Laws", pertinent section being 4–104(a). Both sections 34(a) of the Uniform Anti-theft Law and Section 4–104(a) are worded identically as follows:

"A person, who, with · intent and without right to do so, ·damages or removes any of its· parts ·of compotents is guilty of a misdemeanor."

Under the Uniform Anti-theft Law, the damaging of an automobile or any part of the auto, constituted a misdemeanor, whereas the Oklahoma Legislature, by trying to make the act more comprehensive by including the words "tamper or injure" limited damage to a part or portion of the vehicle, but not to the whole.

After reviewing these pertinent facts, and reading the complete. chapter, it is clear that the Legislature intended that this sub-section be for the purpose of .closing all loop-holes relating to Larceny of Automobiles..

■ It is evident this law was designed to establish criminal liability ·in cases of stealing ·hub-caps, tires, carburators, spark plugs, etc., or any other tampering with automobiles.

ᶦ NO OTHER EXTENSION OF THE LAW INTO OTHER AREAS · WAS CONTEMPLATED· NOR WAS IT INTENDED.

■■ In construing a Statute, the intention or purpose of the Legislature, or the·meaning of a· Statute, is to be deter-

mined, not from any single part, portion or section; or from isolated or particular portions, provisions, clauses, sentences, words or phrases, or from particular or specific expressions or terms, or from partial recitals; but from a general construction or view of the act as a whole, or in its entirety. (Ex parte Higgs, 97 Okl.Cr.R. 338, 263 P.2d 752.) This Court further held in Haines v. State, Okl.Cr.App., 275 P.2d 347:

"The fundamental rule of construction of a statute is to ascertain intention of lawmakers in order that true meaning may be determined, and to accomplish such purpose, all parts of the act relating to the subject should be considered together."

It is ridiculous to assume that this Statute in question was designed to cover situations where one motorist either recklessly, wantonly, or maliciously runs his automobile into that of another motorist. If that were the case, anyone involved in a minor traffic accident could be charged also.

It was held in the case of Davis v. State, Okl.Cr.App., 300 P.2d 1000:

"Where literal enforcement of a statute would result in great inconvenience or absurd results which legislature probably did not contemplate, the court must presume that such consequences were not intended and should adopt a construction which is reasonable and will avoid absurdity."

The Attorney General's office did not file a brief in this case, and orally admitted error during Oral Argument of this case.

Since the Information did not state an offense punishable by the laws of Oklahoma, the demurrer to the Information should have been sustained, as this Court said in the case of Kinkaid v. State, Tex.Cr.App., 310 P.2d 615:

"An information in a criminal case should plead sufficient facts to constitute an offense against the laws of the state, and when such facts are not pleaded and proven and a demurrer is seasonably filed, the same should be sustained by the trial court."

For the foregoing reasons, this case is hereby Reversed and Remanded back to the trial court, with instructions to dismiss.

BRETT and BUSSEY, JJ., concur.