PEANUT COMMISSION — FEES — GENERAL REVENUE FUND The Peanut Commission created by 2 O.S. 1101 [2-1101] — 2 O.S. 1113 [2-1113] (1969), is not a board created by statute to regulate and prescribe standards, practices, and procedures in any profession, occupation or vocation, and hence is not required, under the provisions of 62 O.S. 211 [62-211] (1961), to pay into the general revenue fund of the State, ten per centum (10%) of the gross fees charged, collected and received by the Commission. The Attorney General has had under consideration your recent letter in which you inquire as follows: "Is the Peanut Commission required to pay into the general fund of the State ten per cent (10%) of the gross fees so charged, collected and received by said Commission in accordance with the provisions of 62 O.S. 211 [62-211] (1961)?" Title 62 O.S. 211 [62-211] (1961), provides: "All self sustaining boards created by statute to regulate and prescribe standards, practices, and procedures in any profession, occupation or vocation, shall at the close of each fiscal year hereafter file with the Governor and the State Auditor a true and correct report of all fees charged, collected and received during the previous fiscal year and shall pay into the general revenue fund of the State ten per cent (10%) of the gross fees so charged, collected and received by such board." (Emphasis added) Title 2 O.S. 1101 [2-1101] — 2 O.S. 1113 [2-1113] (1969), created in 2 O.S. 1103 [2-1103], the Oklahoma Peanut Growers Association and the Oklahoma Peanut Commission. Section 1106 prescribed its powers and duties, but nothing therein infers or implies that the Commission is an agency "created by statute to regulate and prescribe standards, practices, and procedures in any profession, occupation or vocation." Title 2 O.S. 1109 [2-1109] (1969), provides in pertinent part: ". . . all monies received by the Commission from the fees hereinbefore assessed shall be deposited in such banks as the commission may designate, . . ." (Emphasis added) In Taylor v. State, Okl. Cr., 377 P.2d 508 (1962), the Oklahoma Court of Criminal Appeals stated in paragraph 2 of its syllabus: "The fundamental rule of construction of a statute is to ascertain intention of lawmakers in order that true meaning may be determined, and to accomplish such purpose, all parts of the act relating to the subject should be considered together." To the same effect, see Oklahoma Alcoholic Beverage Control Board v. Central Liquor Company, 421 P.2d 244, Okl., (1966) and 1700 Peoria Inc. v. City of Tulsa, 422 P.2d 840, Okl., (1966). In view of the foregoing, it is the opinion of the Attorney General that your question must be answered in the negative, in that the Peanut Commission is not an agency or "board created by statute to regulate and prescribe standards, practices, and procedures in any profession, occupation or vocation" and therefore is not required, pursuant to 62 O.S. 211 [62-211] (1961), to pay into the general fund of the State 10% of the gross amount of fees received by said Commission. (Carl G. Engling)