Dear Honorable Taylor,
The Attorney General has received your request for an official opinion asking:
 "Is a Fire Protection District, organized under Title 19 of the Oklahoma Statutes, required to pay revaluation costs assessed it by the County Excise Board for revaluation of property located in such Fire Protection District?"
Since 1949 the formation of Fire Protection Districts outside the corporate limits of any incorporated city or town but within the boundaries of a particular county has been authorized under 19 O.S.901.1 — 19 O.S. 901.26 (1981). The Board of the Fire Protection District levies assessments sufficient to raise the annual interest on the outstanding bonds of the district and to cover the operation costs of the district, 19 O.S. 901.19 (1981). Your question concerning the costs of revaluation arises because under 19 O.S. 901.11 (1981), the assessed value for purposes of the Fire Protection District levy is that "assessed value of such property as shown by the records of the County Assessor." However, assessments so levied by the Fire Protection District board are special assessments rather than ad valorem taxes and the fact that the assessments are collected on a yearly basis and based upon the value of the property does not change their status as special assessments. PublicService Co. v. Northwest Rogers County, 675 P.2d 134 (Okla. 1983).
Title 68 O.S. 2481.1 through 68 O.S. 2481.11 (1981), as amended, require the County Assessor to undertake a comprehensive program of revaluation of all taxable property within each county for purposes of ad valorem taxation. It is part of a particularized legislative scheme for the valuation, assessment, levy, collection and payment of ad valorem taxes expressed in 68 O.S. 2401 through 68 O.S. 24404 (1981). As we have previously recognized in Attorney General Opinion No. 83-243, 68 O.S.2481.3 and 68 O.S. 2481.4 were enacted to facilitate the revaluation process and to ensure that monies would be available for its accomplishment. 68 O.S. 2481.4 describes the method by which the revaluation program shall be financed:
 "The cost of the comprehensive program of revaluation shall be paid by those who receive the revenues of the mill rates levied on the property of the county in the following manner: The county assessor shall prepare a special budget for such comprehensive program of revaluation and file the same with the county equalization and excise board. That board shall apportion such cost among the various recipients of revenues from the mill rates levied, including the county, all cities and towns, all school districts and all sinking funds of such recipients, in the ratio which each recipient's total tax proceeds collected from its mill rates levied for the preceding year bears to the total tax proceeds of all recipients from all their mill rates levied for the preceding year. Such amounts shall be included in or added to the budgets of each such recipient, including sinking funds, and the mill rates to be established by the board for each such recipient for the current year shall include and be based upon such amounts. Then the board and each such recipient shall appropriate the said amounts to the county assessor for expenditure for the comprehensive program of revaluation."
Consequently, the recipients of the "tax proceeds" contribute their pro rata share to the cost of revaluation. The question becomes whether Fire Protection Districts are the recipients of "tax proceeds" within the meaning of 68 O.S. 2481.4 (1981).
The title of an Act is a valuable aid in interpreting the body of the Act and in determining the intent of the legislature. Taylor v. State,377 P.2d 508 (Okla.Cr. 1962). While the text of 68 O.S. 2481.4 refers to "tax proceeds" rather than "ad valorem tax proceeds," the title of the Act itself reads in relevant part: "An Act relating to the valuation of property for ad valorem taxes[,]" thus clarifying the legislative intent of 68 O.S. 2481.4.
68 O.S. 2481.4 is part of a legislative scheme on ad valorem taxation. 68O.S. 2481.4 specifically refers to counties, cities and school districts. All of these entities are the recipients of ad valorem tax proceeds and all submit their budgets to the County Excise Board for final approval and computation of levies. 68 O.S. 2495, 68 O.S. 2497 (1981). On the other hand, the Fire Protection Districts do not receive ad valorem tax proceeds or submit their budgets to the excise boards for approval. Bearing in mind the well settled rule of construction that words or phrases of a statute should be understood with due regard to its context and in the sense that best harmonizes it with other provisions, State v.Tapp, 380 P.2d 260, 265 (Okla. 1963), we conclude that the "tax proceeds" in 68 O.S. 2481.4 (1981) refers to ad valorem tax proceeds.
It is, therefore, the official opinion of the Attorney General that aFire Protection District organized under Title 19 does not share in thecosts of revaluation of county property for ad valorem taxation purposespursuant to 68 O.S. 2481.4 (1981), since the proceeds from specialassessments levied by the Fire Protection Districts are not "taxproceeds" within the meaning of 68 O.S. 2481.4 (1981).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
PATRICIA L. GERRITY, ASSISTANT ATTORNEY GENERAL